[Cite as *State v. V.M.D.*, 2014-Ohio-1844.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100522

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## V.M.D.

DEFENDANT-APPELLANT

## JUDGMENT:
REVERSED AND REMANDED

Civil   Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-00-389059-ZA

**BEFORE:**   McCormack, J., Boyle, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   May 1, 2014

**ATTORNEY FOR APPELLANT**

A. Steven Dever
Law Offices of A. Steven Dever Co., L.P.A.
13363 Madison Avenue
Lakewood, OH 44107


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Diane Smilanick
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. V.D. appeals from a judgment of the trial court denying an expungement of his criminal record. V.D. was convicted of attempted robbery in 2000, when he was 18. The trial court denied his request for expungement because it considered attempted robbery as an "offense of violence" precluding expungement. Following precedent from this court, we conclude V.D. is entitled to have his record expunged and therefore reverse the trial court's judgment.

## Substantive Facts and Procedural History

{¶2} In 2000, V.D., 18 at the time, was charged in Berea Municipal Court with aggravated robbery. The exact circumstances of the incident were not fully reflected in the record before us. The record only reveals that, in a criminal complaint filed in the Berea Municipal Court, V.D. was accused of stealing $242 and other personal items while having "on or about his person" a 9 mm pistol. He was subsequently bound over to the county common pleas court, and the grand jury indicted him for two counts of aggravated robbery, in violation of R.C. 2911.02, each with a one-year and three-year firearm specification, as well as one count of complicity in the commission of intimidation, in violation of R.C. 2921.04. At the plea agreement, however, the state nolled the firearm specifications, representing to the trial court that "actually there is some possibility that it was not an operable weapon and also this defendant was not in possession of that

weapon." The prosecutor stated to the court that "it's the State's understanding that it was not a real gun."

{¶3} The state also amended the indictment and charged V.D. instead with one count of robbery, in violation of R.C. 2911.02(A)(3), alleging that he "did, in attempting or committing a theft offense, or in fleeing immediately [thereafter], attempted to use or threatened the immediate use of force against [a victim]," a felony of the third degree. The state amended the count further, by incorporating the attempt statute (R.C. 2932.02[1]) into the count, making his offense a fourth-degree felony. Pursuant to a plea agreement, V.D. pled guilty to attempted robbery, as amended, and also to attempted complicity in the commission of intimidation, a fourth-degree felony as well.

{¶4} V.D. was sentenced to 18 months of community control sanctions for his offenses. He complied fully with the terms of his community control sanctions. In December 2001, the trial court sua sponte terminated his community control sanctions early and discharged him in the case.

{¶5} Twelve years later, in June 2013, V.D. filed a motion to seal his criminal record. The state opposed the motion. The trial court held a hearing and denied his request. The trial court determined that V.D. was precluded from an expungement of his

---

[1]R.C. 2923.02(A) states, "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." An attempt to commit an offense is an offense of the next lesser degree than the original offense.

record because his offense was an "offense of violence" excepted by the expungement statute. The trial court stated that it "regretfully" denied V.D.'s application and remarked that he would have been eligible, "other than that pesky language about robbery being a prohibited offense."

{¶6} V.D. now appeals and raises one assignment of error. He contends that the trial court erred when it overruled his motion for an expungement.

## Law and Analysis

{¶7} R.C. 2953.32(C)(1) sets forth factors the trial court must consider in an application to seal the record of conviction. The court must (1) ascertain whether the applicant is an "eligible offender,"[2] (2) determine whether any criminal proceedings are pending against the applicant, (3) satisfy itself regarding whether the applicant has been rehabilitated to the court's satisfaction, (4) consider any objections raised by the prosecutor, and (5) weigh the interests of the applicant in having the records pertaining to his or her conviction sealed against the legitimate needs, if any, of the government to maintain those records. R.C. 2953.32(C)(1)(a)-(e); *State v. M.D.*, 8th Dist. Cuyahoga No. 97300, 2012-Ohio-1545, ¶ 6.

---

[2] We note the legislature revised the statute, effective September 28, 2012, and the statute now refers to "eligible offender" instead of "first offender." Generally, an "eligible offender" means someone who has no more than one felony conviction, no more than two different misdemeanors if the convictions are not of the same offense, or no more than one felony conviction and one misdemeanor conviction. R.C. 2953.31(A); *In re Mooney*, 10th Dist. Franklin No. 12AP-376, 2012-Ohio-5904, ¶ 7.

**{¶8}** The expungement statute, however, excludes certain criminal offenses from being expunged. R.C. 2953.36 enumerates these excepted offenses, which include convictions of an "offense of violence." Whether V.D.'s offense of attempted robbery is an "offense of violence" for purposes of expungement is the only issue before us in this appeal.

**{¶9}** We begin our review with the recognition that, generally, a trial court's decision regarding an application to seal a record is reviewed for an abuse of discretion. However, we determine de novo the applicability of R.C. 2953.36 categories to an applicant's conviction, because that is a question of law. *State v. M.R.*, 8th Dist. Cuyahoga No. 94591, 2010-Ohio-6025, ¶ 15, citing *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6.

**{¶10}** Notably, the term "offense of violence" is not defined in R.C. 2953.31 to 2953.36, the specific code sections governing expungement. A definition of the term "offense of violence" can be found, however, in R.C. 2901.01, the statute providing definitions for various terms for use in the Ohio Revised Code. A review of R.C. 2901.01 indicates robbery is an "offense of violence." R.C. 2901.01(A)(9)(a). V.D., however, was not convicted of robbery, but attempted robbery. The question we are confronted with in this appeal is whether attempted robbery is an "offense of violence" disqualifying V.D. from expungement.

**{¶11}** The state argues attempted robbery is an "offense of violence," citing R.C. 2901.01(A)(9)(d), which contains a provision that an "offense of violence" includes "[a]

conspiracy or attempt to commit, or complicity in committing" any offense defined as an "offense of violence."

**{¶12}** This court was confronted with a similar issue in *State v. J.K.*, 8th Dist. Cuyahoga No. 96574, 2011-Ohio-5675, *appeal not accepted*, 131 Ohio St.3d 1513, 2012-Ohio-1710, 965 N.E.2d 312. There, the applicant was convicted of attempted arson. While arson was also a statutory "offense of violence," this court, instead of concluding attempted arson was an "offense of violence" by operation of R.C. 2901.01(A)(9)(d), did not apply R.C. 2901.01(A)(9)(d) to automatically preclude J.K.'s conviction of attempted arson from expungement.

**{¶13}** Rather, this court reviewed the record to determine whether the facts "clearly revealed" that the defendant committed a disqualifying "offense of violence. *Id.* at ¶ 30, citing *State v. Simon*, 87 Ohio St.3d 531, 721 N.E.2d 1041 (2000). After an honorable military discharge, J.K. arranged for a fellow soldier to destroy his car so that insurance would have paid off the balance of his car loan; the act of arson was attempted, but was quickly discovered by law enforcement. This court, upon a review of the record, held that the record did not "clearly reveal" that J.K., plea bargain notwithstanding, committed a disqualifying "offense of violence" and concluded J.K. was eligible for expungement. *Id.*

**{¶14}** Because of R.C. 2901.01(A)(9)(d), which is *not* part of the expungement statute, R.C. 2953.36 potentially casts a wide net excluding any *attempted* acts of violence from expungement. It is not clear at all this is a result intended by the General Assembly.

Just as we did in *J.K.*, we recognize that the expungement provisions were crafted to be in fact remedial in nature and "must be liberally construed to promote their purposes." *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 716 N.E.2d 204 (1999). We are further mindful that "[s]ections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." *State v. McGinnis*, 90 Ohio App.3d 479, 481, 629 N.E.2d 1084 (4th Dist.1993), citing R.C. 2901.04(A).

{¶15} The trial court, understandably, was reluctant to allow expungement because of a strict interpretation of the robbery statute. Pursuant to *J.K.*, however, we do not consider V.D.'s offense of attempted robbery automatically disqualifying him by operation of R.C. 2901.01(A)(9)(d). Although we recognize an "offense of violence" includes an attempt of the offense under the definition, here, however, V.D. was convicted of an offense that itself embeds the notion of attempt — he was convicted of *either committing or attempting to commit* a theft while either using or threaten to use force, which the state admitted involved possibly a fake gun *not* in his possession. When the underlying offense itself contemplates attempt, and the defendant was charged with an *attempt* of that offense, the element of violence is simply too removed for the defendant to be automatically precluded from expungement. Under the particular circumstances of this case, we cannot say the record "clearly revealed" V.D. committed a disqualifying "offense of violence."

**{¶16}** The expungement statute is "designed to recognize that individuals with a single criminal infraction may be rehabilitated." *State v. Derugen*, 110 Ohio App.3d 408, 411, 674 N.E.2d 719 (3d Dist.1996). Here, V.D. committed the offense at a young age, when he had just graduated from high school. He fully complied with the terms of his community control sanctions and was discharged early. He has been gainfully employed as a full-time employee for a subcontractor at a chemical company, and apparently has been law-abiding for the last 12 years. V.D. certainly appears to be the sort of person the expungement process was designed to benefit. The trial court itself acknowledged that there was no other reason to deny V.D.'s expungement request other than its strict interpretation of the robbery statute. Construing the expungement statute liberally, as precedent guides us, we will continue to advance the legislative purpose of allowing expungements. *State v. Niesen-Pennycuff*, 132 Ohio St.3d 416, 2012-Ohio-2730, 973 N.E.2d 221, ¶ 23. We conclude a sealing of V.D.'s record should be allowed and, therefore reverse the trial court's judgment.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

MARY J. BOYLE, A.J., and
MARY EILEEN KILBANE, J., CONCUR