[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. V.M.D.*, Slip Opinion No. 2016-Ohio-8090.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-8090

THE STATE OF OHIO, APPELLANT, *v*. V.M.D., APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. V.M.D.*, Slip Opinion No. 2016-Ohio-8090.]**

*Pursuant to R.C. 2953.36, a person convicted of attempted robbery is ineligible to have the record of that conviction sealed.*

(No. 2014-0990—Submitted September 16, 2015—Decided December 13, 2016.)

APPEAL from the Court of Appeals of Cuyahoga County, No. 100522, 2014-Ohio-1844.

_____

**PFEIFER, J.**

{¶ 1} In this case, we determine whether R.C. 2953.36 precludes the sealing of the record of a conviction for a specific crime—attempted robbery pursuant to R.C. 2911.02(A)(3) and 2923.02. We hold that attempted robbery is a crime of violence and that, pursuant to R.C. 2953.36, a person convicted of that crime is ineligible to have the record of that conviction sealed.

**Factual and Procedural Background**

{¶ 2} Appellee, V.M.D., was an 18-year-old high school student when he allegedly committed the criminal acts that led to his March 27, 2000 indictment by the Cuyahoga County Grand Jury on two counts of aggravated robbery under R.C. 2911.01—each with firearm specifications under R.C. 2941.141 and 2941.145—and one count of complicity in the commission of intimidation of a witness under R.C. 2923.03 and 2921.04. On April 13, 2000, he pleaded not guilty to the charges.

{¶ 3} At a hearing on July 26, 2000, the state moved to amend the charges. First, the state amended the first count from aggravated robbery to robbery under R.C. 2911.02(A)(3), alleging "that [V.M.D.] did, in attempting or committing a theft offense, did use or threaten the immediate use of force against [the victim]." That change in the charge reduced it from a first-degree felony to a third-degree felony. The state then made another motion "to amend that count further to incorporate the attempt statute, in violation of section 2923.02, [making] the offense a felony of the 4th degree." The state also moved to delete the firearm specifications from Count 1; the state advised the court that the gun involved was not real and had not been in the possession of V.M.D. The state also moved to nolle prosequi Count 2 and to incorporate the attempt statute, R.C. 2923.02, into the complicity-to-commit-intimidation charge in Count 3, making that offense also a felony of the fourth degree. V.M.D. waived any objection to the amendment of the indictment; after the amendment, two fourth-degree felonies remained. The focus of this case is the attempted-robbery charge under R.C. 2911.02(A)(3) and 2923.02.

{¶ 4} The trial court explained to V.M.D. that the amended-robbery charge under R.C. 2911.02(A)(3) and 2923.02 meant that the state was claiming that he "did, in attempting or committing a theft offense, or in fleeing immediately after, attempted to use or threatened the immediate use of force against another person, [the victim]."

2

**{¶ 5}** At the hearing, V.M.D. pleaded guilty to the two remaining counts. In its journal entry, the court found V.M.D. guilty of attempted robbery under R.C. 2923.02 and 2911.02(A)(3) and guilty of attempted complicity in the commission of intimidation. On September 1, 2000, the court sentenced V.M.D. to 18 months of community control. On December 28, 2001, after a report by the probation department that V.M.D. was in full compliance with his community-control sanctions, the trial court sua sponte terminated V.M.D.'s community control and discharged him.

**{¶ 6}** Eleven years later, on June 26, 2013, V.M.D. applied to the trial court pursuant to R.C. 2953.32 to seal the records pertaining to his conviction. On August 19, 2013, the state responded with a brief in opposition to V.M.D.'s application. The state argued that R.C. 2953.36 prohibited the sealing of the record of V.M.D.'s conviction; that statute prohibits the sealing of records of "[c]onvictions of an offense of violence when the offense is * * * a felony." Former R.C. 2953.36(C), 2012 Am.Sub.S.B. No. 337; now codified as R.C. 2953.36(A)(3). (We refer to former R.C. 2953.36(C) because "[t]he statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling." *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, paragraph two of the syllabus.) R.C. 2901.01(A)(9)(a) defines a violation of R.C. 2911.02, robbery, as an offense of violence; R.C. 2901.01(A)(9)(d) states that an offense of violence includes an "attempt to commit * * * any offense under division (A)(9)(a) * * * of this section."

**{¶ 7}** The trial court held a hearing on the application on September 19, 2013. V.M.D. argued that his conviction under the robbery statute and the attempt statute created a legal fiction. He argued that R.C. 2911.02(A)(3) already contains an attempt element without the incorporation of the attempt statute. R.C. 2911.02 reads:

(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:

* * *

(3) Use or threaten the immediate use of force against another.

V.M.D. argued that incorporating the attempt charge under R.C. 2923.02 resulted in his pleading guilty to an attempt to attempt to commit a robbery.

{¶ 8} The court rejected the argument:

Well, it's a novel argument; I don't think it's a valid one. You're welcome to take this to the Court of Appeals and have them look at it. And I'd be delighted to be proven wrong. If we can expunge a conviction on a deserving person, I would like to do that.

* * *

I think the fact the conviction came down under the robbery statute, no matter how many attempts are in there, that the law prohibits it.

The trial court thus denied V.M.D.'s application to seal the record of his conviction.

{¶ 9} V.M.D. appealed to the Eighth District Court of Appeals. That court noted that "the expungement provisions were crafted to be in fact remedial in nature and 'must be liberally construed to promote their purposes.' *State ex rel. Gains v. Rossi,* 86 Ohio St.3d 620, 716 N.E.2d 204 (1999)." 2014-Ohio-1844, ¶ 14 (8th Dist.). The court used the term "expungement"; although the relevant statutes now refer to "sealing," " 'expungement' remains a common colloquialism used to

4

describe the process." (Footnote deleted.) *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 11.

{¶ 10} The court held that the incorporation of the attempt charge under R.C. 2923.02 into the robbery charge, which includes an attempt as a possible element, left V.M.D.'s crime too far removed from an actual crime of violence to disqualify the record of the conviction from being sealed:

> Although we recognize an "offense of violence" includes an attempt of the offense under the definition, here, * * * V.D. was convicted of an offense that itself embeds the notion of attempt—he was convicted of *either committing or attempting to commit* a theft while either using or threaten[ing] to use force, which the state admitted involved possibly a fake gun *not* in his possession. When the underlying offense itself contemplates attempt, and the defendant was charged with an *attempt* of that offense, the element of violence is simply too removed for the defendant to be automatically precluded from expungement. Under the particular circumstances of this case, we cannot say the record "clearly revealed" V.D. committed a disqualifying "offense of violence."

(Emphasis sic.) 2014-Ohio-1844 at ¶ 15.

{¶ 11} The court then reviewed V.M.D.'s personal history, noting that he was young when he committed the crime, "has been gainfully employed as a full-time employee * * *, and apparently has been law-abiding for the past 12 years." The court went on to state:

> V.D. certainly appears to be the sort of person the expungement process was designed to benefit. The trial court itself acknowledged

that there was no other reason to deny V.D.'s expungement request other than its strict interpretation of the robbery statute. Construing the expungement statute liberally, as precedent guides us, we will continue to advance the legislative purpose of allowing expungements. *State v. Niesen–Pennycuff,* 132 Ohio St.3d 416, 2012-Ohio-2730, 973 N.E.2d 221, ¶ 23. We conclude a sealing of V.D.'s record should be allowed and, therefore reverse the trial court's judgment.

*Id.* at ¶ 16.

{¶ 12} The state appealed to this court. The cause is now before this court upon the allowance of a discretionary appeal. 140 Ohio St.3d 1438, 2014-Ohio-4160, 16 N.E.3d 682.

**Law and Analysis**

{¶ 13} A person convicted of a crime has no substantive right to have the record of that conviction sealed. The sealing of the record of a conviction "is an act of grace created by the state." *State v. Hamilton*, 75 Ohio St.3d 636, 639, 665 N.E.2d 669 (1996). Although the determination whether to seal an applicant's record of conviction involves some exercise of discretion by the trial court, before an applicant gets to the point where the court "determine[s] whether the applicant has been rehabilitated to the satisfaction of the court," R.C. 2953.32(C)(1)(c), he must first cross the threshold of statutory eligibility:

[T]he government possesses a substantial interest in ensuring that expungement is granted only to those who are eligible. Expungement is accomplished by eliminating the general public's access to conviction information. Accordingly, expungement

6

should be granted only when an applicant meets all the requirements for eligibility set forth in R.C. 2953.32.

*Hamilton* at 640.

{¶ 14} Pursuant to R.C. 2953.32(C)(1)(a), the trial court must determine whether the applicant is an eligible offender. R.C. 2953.36 precludes the sealing of records of certain convictions; thus, an offender seeking to have sealed the records of conviction for an offense listed in R.C. 2953.36 is an ineligible offender. V.M.D.'s conviction for attempted robbery places him in that category. Former R.C. 2953.36(C) prevented the sealing of records of "[c]onvictions of an offense of violence when the offense is a * * * felony." 2012 Am.Sub.S.B. No. 337. R.C. 2901.01(A)(9) provides the applicable definition of "offense of violence"; it includes "[a] violation of section * * * 2911.02," i.e., robbery. R.C. 2901.01(A)(9)(a). The fact that a conviction is for an *attempt* to commit an offense of violence is irrelevant—R.C. 2901.01(A)(9)(d) provides that "[a] conspiracy or attempt to commit * * * any offense under division (A)(9)(a)" also meets the definition of an "offense of violence."

{¶ 15} R.C. 2953.36 speaks for itself. "Our first duty in statutory interpretation is to determine whether the statute is clear and unambiguous." *Estate of Heintzelman v. Air Experts, Inc.,* 126 Ohio St.3d 138, 2010-Ohio-3264, 931 N.E.2d 548, ¶ 15. "[W]hen the General Assembly has plainly and unambiguously conveyed its legislative intent, there is nothing for a court to interpret or construe, and therefore, the court applies the law as written." *State v. Kreischer,* 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, syllabus.

{¶ 16} There is no room for interpretation in this case. The General Assembly has determined that an attempt to commit a violation of R.C. 2911.02 is an offense of violence. Records of felony convictions of offenses of violence cannot be sealed. When the General Assembly makes convictions of specific

offenses ineligible for sealing because they are offenses of violence, courts do not have authority to review the record to examine the facts underlying the conviction to determine whether they reveal a violent act. In regard to attempted robbery, the General Assembly has rendered such a review irrelevant—every attempted robbery is by definition an offense of violence.

{¶ 17} The process of sealing a record of conviction does not consist of the general evaluation of a person's soul—it is statutory. Because the record of his conviction is prohibited from being sealed pursuant to former R.C. 2953.36(C), V.M.D.'s rehabilitation is irrelevant in this case. There seems to be little doubt that V.M.D. has made significant personal progress from when he was a high school student and committed the crime at issue and that he is the type of person that Ohio's sealing statutes are designed to benefit. However, the General Assembly has left the courts no room to seal the record of V.M.D.'s conviction, regardless of his being 18 when he committed the crime or the extent of his rehabilitation since his conviction. The focus in R.C. 2953.36 is on the crime committed rather than on the person who committed it. Any change in that calculus must come from the General Assembly.

### Conclusion

{¶ 18} Because V.M.D. was convicted of attempted robbery, which is a felony and is defined by the General Assembly as an offense of violence, former R.C. 2953.36(C) prohibited the sealing of the record of that conviction. Accordingly, we reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

Judgment reversed,

and trial court judgment reinstated.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Diane Smilanick and T. Allan Regas, Assistant Prosecuting Attorneys, for appellant.

A. Steven Dever, for appellee.

Ron O'Brien, Franklin County Prosecuting Attorney, and Barbara A. Farnbacher, Assistant Prosecuting Attorney, urging reversal for amicus curiae Franklin County Prosecuting Attorney.

Timothy Young, Ohio Public Defender, and Nikki Trautman Baszynski, Assistant Public Defender, urging affirmance for amicus curiae Ohio Public Defender.

_____