[Cite as *State v. C.R.*, 2017-Ohio-2676.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | No. 16AP-849 |
| | | (C.P.C. No. 16EP-680) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| [C.R.], | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on May 4, 2017

**Brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellant. **Argued:** *Barbara A. Farnbacher.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from an entry of the Franklin County Court of Common Pleas granting the application of defendant-appellee, C.R., to seal the record of his prior conviction. For the following reasons, we reverse.

I. Facts and Procedural History

{¶ 2} On September 20, 2016, C.R. filed an application requesting the trial court seal the record of his conviction for attempted robbery in violation of R.C. 2911.02, a fourth-degree felony. The state objected to C.R.'s application on the basis that attempted robbery is an offense of violence and, thus, C.R. is ineligible to have the record of his conviction sealed. Following a November 22, 2016 hearing, the trial court granted C.R.'s application to seal the record of his conviction on the grounds that "attempted robbery is a legal fiction." (Nov. 22, 2016 Tr. at 5.) The state timely appeals.

## II. Assignments of Error

{¶ 3}   The state assigns the following errors for our review:

> [1.] The trial court erred when it granted an application to seal the record of a conviction for an "offense of violence."
>
> [2.] The trial court erred when it granted an application to seal the record of a conviction before the statutory waiting period had elapsed.

## III. First Assignment of Error – Sealing the Record of Conviction for an Offense of Violence

{¶ 4}   In its first assignment of error, the state argues the trial court erred when it granted C.R.'s application to seal the record of his conviction. More specifically, the state asserts C.R. was not eligible to have the record of his conviction sealed and, thus, the trial court erred as a matter of law when it granted C.R.'s application.

{¶ 5}   An appellate court generally reviews a trial court's disposition of an application for an order sealing the record of conviction under an abuse of discretion standard. *State v. Norfolk*, 10th Dist. No. 04AP-614, 2005-Ohio-336, ¶ 4, citing *State v. Hilbert*, 145 Ohio App.3d 824, 827 (8th Dist.2001). An abuse of discretion connotes more than an error of law or judgment; it implies that the attitude of the trial court was " 'unreasonable, arbitrary or unconscionable.' " *Id.*, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, where questions of law are in dispute, an appellate court reviews the trial court's determination de novo. *Id.*, citing *State v. Derugen*, 110 Ohio App.3d 408, 410 (3d Dist.1996).

{¶ 6}   " 'Expungement is an act of grace created by the state,' and so is a privilege, not a right." *State v. Simon*, 87 Ohio St.3d 531, 533 (2000), quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996). Pursuant to R.C. 2953.32(A)(1), "an eligible offender may apply to the sentencing court * * * for the sealing of the record of the case that pertains to the conviction." A court may grant the expungement only when the applicant meets all statutory requirements for eligibility. *State v. Brewer*, 10th Dist. No. 06AP-464, 2006-Ohio-6991, ¶ 5, citing *In re White*, 10th Dist. No. 05AP-529, 2006-Ohio-1346, ¶ 4-5. Where the offender was convicted of a felony, "[a]pplication may be made at the expiration of three years after the offender's final discharge." R.C. 2953.32(A)(1).

{¶ 7}   "There is no burden upon the state other than to object to an application for expungement where appropriate." *State v. Reed*, 10th Dist. No. 05AP-335, 2005-Ohio-

6251, ¶ 13.  "Applicants whose conviction falls within any category of R.C. 2953.36 are ineligible for expungement."  *State v. Menzie*, 10th Dist. No. 06AP-384, 2006-Ohio-6990, ¶ 7, citing *Simon* at 533.  As relevant here, an offender is not eligible for expungement with respect to a conviction "of an offense of violence when the offense is a misdemeanor of the first degree or a felony."  R.C. 2953.36(A)(3).

{¶ 8}  C.R. was convicted of attempted robbery in violation of R.C. 2911.02, a fourth-degree felony.  Under R.C. 2901.01(A)(9)(a), attempted robbery is an "offense of violence."  This court recently held that, relying on the definition of offense of violence in R.C. 2901.01(A)(9), attempted robbery is an offense of violence for purposes of R.C. 2953.36(A)(3), and an offender convicted of attempted robbery is, therefore, ineligible to have the record of his conviction sealed.  *State v. Clemens*, 10th Dist. No. 14AP-945, 2015-Ohio-3153, ¶ 16-17.  We additionally note that after the trial court rendered its decision in this case, the Supreme Court of Ohio issued its decision in *State v. V.M.D.*, 148 Ohio St.3d 450, 2016-Ohio-8090, ¶ 1, holding "that attempted robbery is a crime of violence and that, pursuant to R.C. 2953.36, a person convicted of that crime is ineligible to have the record of that conviction sealed."  Thus, pursuant to *Clemens* and *V.M.D.*, because C.R. was not eligible to have the record of his conviction sealed, the trial court erred in granting C.R.'s application.  We sustain the state's first assignment of error.

## IV.  Second Assignment of Error – Statutory Waiting Period

{¶ 9}  In its second assignment of error, the state asserts the trial court erred in granting C.R.'s application to seal the record of his conviction because the statutory waiting period had not yet elapsed.  However, our resolution of the state's first assignment of error renders moot its second assignment of error.

## V.  Disposition

{¶ 10} Based on the foregoing reasons, the trial court erred when it granted C.R.'s application to seal the record of his conviction for an offense of violence.  Having sustained the state's first assignment of error, rendering moot the state's second assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for proceedings consistent with this decision.

*Judgment reversed; cause remanded.*

BROWN and HORTON, JJ., concur.