MELODY J. STEWART, J., DISSENTING:
 

 {¶ 16} This case presents a simple issue of statutory interpretation. Because R.C. 2151.356 only prohibits the sealing of adjudications for the offense of aggravated murder, murder, or rape-offenses for which C.L. was not adjudicated delinquent-the trial court did not err in considering C.L.'s petition and subsequently sealing his records. I therefore dissent.
 

 {¶ 17} R.C. 2151.356 is clear as to when a record of adjudication may not be sealed:
 

 (A) The records of a case in which a person was adjudicated a delinquent child for committing a violation of section 2903.01 [aggravated murder], 2903.02 [murder], or 2907.02 [rape] of the Revised Code shall not be sealed under this section.
 

 * * *
 

 (C)(1) The juvenile court shall consider the sealing of records pertaining to a juvenile upon the court's own motion or upon the application of a person if the person has been adjudicated delinquent for committing an act other than a violation of section 2903.01 [aggravated murder], 2903.02 [murder] or 2907.02 [rape] of the Revised Code * * *.
 

 By its own terms, the statute makes the specific offenses that would render a juvenile record ineligible for sealing both discrete and narrow. The majority comes to its decision by painting with a brush much broader than what the legislature intended. A review of the statute's adult counterpart clearly demonstrates that the General Assembly certainly knew how to include an adjudication for an attempt of one of the prohibited offenses from being sealed had it intended to do so.
 
 See, e.g.,
 
 R.C. 2953.31 et seq. The adult sealing statutes preclude sealing convictions of broader "offense[s] of violence."
 
 See
 
 R.C. 2953.36(A)(3), and the phrase, "offense of violence," includes specific enumerated offenses as well as any "attempt to commit" any of those offenses.
 
 See
 
 R.C. 2901.01(A)(9)(d). The Ohio Supreme Court in
 
 State v. V.M.D.
 
 ,
 
 148 Ohio St.3d 450
 
 ,
 
 2016-Ohio-8090
 
 ,
 
 71 N.E.3d 274
 
 , also recognized as much. In noting that the sealing statute "speaks for itself," the Supreme Court stated:
 

 Our first duty in statutory interpretation is to determine whether the statute is clear and unambiguous. [W]hen the General Assembly has plainly and unambiguously conveyed its legislative intent, there is nothing for a court to interpret or construe, and therefore, the court applies the law as written.
 

 Id.
 
 at ¶ 15. (Citation omitted.)
 

 {¶ 18} Finally, the majority's reliance on the dicta in
 
 State v. M.R.
 
 , 8th Dist. Cuyahoga No. 94591,
 
 2010-Ohio-6025
 
 ,
 
 2010 WL 5065106
 
 , is misplaced. This court in
 
 M.R.
 
 reversed the decision of the trial court that granted the application to seal M.R.'s record based on the fact that M.R.'s record was ineligible for sealing because the circumstances surrounding his conviction involved a minor-a specific prohibition for sealing.
 
 Id.
 
 at ¶ 24-25 (referencing R.C. 2953.36 (E) and (F) ). Furthermore, the dicta in
 
 M.R.
 
 references the Seventh District's decision in
 
 State v. Burnside
 
 , 7th Dist. Mahoning No. 08 MA 172,
 
 2009-Ohio-2653
 
 ,
 
 2009 WL 1598781
 
 , the analysis of which is a minority view in Ohio.
 
 See, e.g.,
 

 State v. E.A.,
 
 8th Dist. Cuyahoga No. 103829,
 
 2017-Ohio-180
 
 ,
 
 2017 WL 242046
 
 ;
 
 State v. D.G.
 
 , 8th Dist. Cuyahoga No. 103861,
 
 2016-Ohio-7609
 
 ,
 
 2016 WL 6575193
 
 ;
 
 State v. Clemens
 
 , 10th Dist. Franklin No. 14AP-945,
 
 2015-Ohio-3153
 
 ,
 
 2015 WL 4656629
 
 ;
 
 State v. Rybak
 
 , 11th Dist. Lake No. 2011-L-084,
 
 2012-Ohio-1791
 
 ,
 
 2012 WL 1391858
 
 ; and
 
 State v. Novak
 
 , 8th Dist. Cuyahoga No. 92586,
 
 2009-Ohio-6220
 
 ,
 
 2009 WL 4173580
 
 . And contrary to the majority's statement that this court "relied extensively on the reasoning" in
 
 Burnside
 
 when deciding
 
 M.R.
 
 , the one-sentence reference to
 
 Burnside
 
 did no such thing. The statement is purely dicta.
 

 {¶ 19} The juvenile sealing statute is comparatively more simple and narrow than the adult statute. It specifically excludes from sealing eligibility three discrete offenses: adjudications for aggravated murder, murder, and rape. In doing so, the General Assembly adheres to the well-established fact that juvenile offenders are different from adult offenders and are to be treated differently. The limited list of offenses that are ineligible for sealing of a juvenile record recognizes this difference. As previously mentioned, if the General Assembly had wanted to make the scope of ineligible offenses broader, it certainly knew how to do so. Courts should not interpret or construe that which the General Assembly clearly did not intend. Accordingly, I dissent.