[Cite as *State v. E.C.*, 2019-Ohio-1240.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 107097

**STATE OF OHIO**

PLAINTIFF-APPELLANT

vs.

**E.C.**

DEFENDANT-APPELLEE

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-02-426026-ZA

**BEFORE:** Celebrezze, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** April 4, 2019

**ATTORNEYS FOR APPELLANT**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:     Diane Smilanick
        Gregory J. Ochocki
        Callista Plemel
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Gregory Scott Robey
Robey & Robey
14402 Granger Road
Cleveland, Ohio 44107

Anne D. Veneziano
24100 Chagrin Boulevard, Suite 480
Beachwood, Ohio 44122

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Plaintiff-appellant, the state of Ohio (hereinafter "state"), brings the instant appeal challenging the trial court's judgment granting an application for the sealing of criminal records of conviction filed by defendant-appellee, E.C. The state argues that the trial court erred in granting E.C.'s motion because he was convicted of an offense of violence, and thus, was not eligible for expungement. After a thorough review of the record and law, this court reverses.

## I.     Factual and Procedural History

{¶2} In October 2002, E.C. pled guilty to robbery, a third-degree felony in violation of R.C. 2911.02(A)(3). The trial court sentenced E.C. to community control sanctions for a period of two years, which E.C. completed without incident.

{¶3} On May 26, 2016, E.C. filed a motion "for expungement and sealing of records." Therein, E.C. argued that he satisfied all of the criteria set forth in R.C. 2953.52. The trial court ordered an expungement investigation report on June 1, 2016.

{¶4} The state filed a brief in opposition on July 27, 2016. Therein, the state argued that E.C. was not eligible for expungement pursuant to R.C. 2953.36 because his robbery conviction was an offense of violence.

{¶5} The trial court held a hearing on E.C.'s motion on September 6, 2017. During the hearing, defense counsel, E.C., and the state addressed the trial court. The trial court acknowledged that E.C.'s robbery conviction was, by definition, an offense of violence. (Tr. 9.) Nevertheless, the trial court explained that it would determine whether principles of equity outweighed the requirements set forth in the expungement statute. At the close of the hearing, the trial court indicated that it would take the matter under advisement.

{¶6} On March 28, 2018, the trial court granted E.C.'s motion for expungement. The trial court's judgment entry provides, in relevant part,

> The court finds that [E.C.] is an eligible offender under R.C. 2953.31(A); that three (3) years have expired after [E.C.'s] final discharge if convicted of a felony * * *; that no criminal proceedings are pending against [E.C.]; that [E.C.] has been rehabilitated to the satisfaction of the court; and that the criminal offense(s) [E.C.] was convicted of is not one described in R.C. 2953.36 for which the sealing of records is precluded; and that the interests of [E.C.] in having the records

pertaining to [his] conviction sealed are not outweighed by any legitimate governmental needs to maintain those records.

**{¶7}** It is from this judgment that the state filed the instant appeal on April 20, 2018. The state assigns one error for our review:

I.  Ohio courts are prohibited from granting motions to expunge and seal records of criminal convictions that are offenses of violence.

## II.  Law and Analysis

### A.  Eligible Offense

**{¶8}** In its sole assignment of error, the state argues that the trial court erred in sealing E.C.'s records of conviction because E.C. was convicted of an offense of violence, and thus, he is not eligible for expungement.   After reviewing the record, we agree with the state.

**{¶9}** Pursuant to R.C. 2953.32(C), a court must hold a hearing to determine if an applicant is an eligible offender as well as whether any other exception set forth in R.C. 2953.36 bars the sealing of records.   One such exclusion is if the applicant was previously convicted of an "offense of violence."   R.C. 2953.36(A)(2)-(3).   The statutory term "offense of violence" is defined in R.C. 2901.01(A)(9):

"Offense of violence" means any of the following:

(a) A violation of section 2903.01, 2903.02, 2903.03, 2903.04, 2903.11, 2903.12, 2903.13, 2903.15, 2903.21, 2903.211, 2903.22, 2905.01, 2905.02, 2905.11, 2905.32, 2907.02, 2907.03, 2907.05, 2909.02, 2909.03, 2909.24, 2911.01, *2911.02*, 2911.11, 2917.01, 2917.02, 2917.03, 2917.31, 2919.25, 2921.03, 2921.04, 2921.34, or 2923.161, of division (A)(1), (2), or (3) of section 2911.12, or of division (B)(1), (2), (3), or (4) of section 2919.22 of the Revised Code or felonious sexual penetration in violation of former section 2907.12 of the Revised Code;

(b) A violation of an existing or former municipal ordinance or law of this or any other state or the United States, substantially equivalent to any section, division, or offense listed in division (A)(9)(a) of this section;

(c) An offense, other than a traffic offense, under an existing or former municipal ordinance or law of this or any other state or the United States, committed purposely or knowingly, and involving physical harm to persons or a risk of serious physical harm to persons;

(d) A conspiracy or attempt to commit, or complicity in committing, any offense under division (A)(9)(a), (b), or (c) of this section.

(Emphasis added.)

{¶10} As noted above, E.C. was convicted of robbery, a violation of R.C. 2911.02(A)(3). R.C. 2901.01(A)(9)(a) lists robbery as an offense of violence — a fact that the trial court also acknowledged during the expungement hearing. Accordingly, E.C. is not eligible for the sealing of records of conviction in this matter. *See State v. E.A.*, 8th Dist. Cuyahoga No. 103829, 2017-Ohio-180, ¶ 7.

{¶11} The Ohio Supreme Court held that there is no room for statutory interpretation when analyzing the exclusions to expungement set forth in R.C. 2953.36. *State v. V.M.D.*, 148 Ohio St.3d 450, 2016-Ohio-8090, 71 N.E.3d 274, ¶ 16. The court explained,

> R.C. 2953.36 speaks for itself. "Our first duty in statutory interpretation is to determine whether the statute is clear and unambiguous." *Estate of Heintzelman v. Air Experts, Inc.*, 126 Ohio St.3d 138, 2010-Ohio-3264, 931 N.E.2d 548, ¶ 15. "[W]hen the General Assembly has plainly and unambiguously conveyed its legislative intent, there is nothing for a court to interpret or construe, and therefore, the court applies the law as written." *State v. Kreischer*, 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, syllabus.
>
> There is no room for interpretation in this case. * * * When the General Assembly makes convictions of specific offenses ineligible for sealing because they are offenses of violence, courts do not have authority to review the record to examine the facts underlying the conviction to determine whether they reveal a violent act.

*Id.* at ¶ 15-16.

{¶12} Because the statutory definition of an "offense of violence" is clear and unambiguous, this court may not deviate from its application, either by considering principles of equity, as the trial court did, or the underlying facts of E.C.'s offense. *See E.A.* at ¶ 9. Accordingly, the trial court erred in granting E.C.'s motion because E.C. was convicted of an offense of violence, making him ineligible for expungement.

{¶13} For all of the foregoing reasons, the state's sole assignment of error is sustained.

### III. Conclusion

{¶14} After thoroughly reviewing the record, we find that the trial court erred in granting E.C.'s motion for expungement. E.C. was convicted of robbery, an offense of violence, and thus he is not an eligible offender.

{¶15} The trial court's judgment granting E.C.'s motion is reversed, and this cause is remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., CONCURS WITH SEPARATE CONCURRING OPINION;
LARRY A. JONES, SR., J., CONCURS WITH MAJORITY AND CONCURS WITH SEPARATE CONCURRING OPINION

MARY J. BOYLE, P.J., CONCURRING:

{¶16} I agree with the majority's reasoning, analysis, and conclusion as to the state's sole assignment of error. While I recognize that R.C. 2953.36 prohibits the expungement of a conviction of robbery because it is an "offense of violence," I believe that determining whether an offense was one of violence under R.C. 2953.36 should require more than analyzing the name of the offense. Instead, whether a defendant's convictions are eligible for expungement should be determined by balancing a defendant's interests and reasons for seeking a sealing of the records against the government's interest in maintaining them. This case is a clear example of why that balancing test is necessary.

{¶17} At the expungement hearing, E.C.'s attorney explained that during the time of the crime, E.C. was 18 years old. He stated,

[E.C.] was in high school and he had just been placed on the medication Paxil by a new doctor for some anxiety he was having. He was on the medication for less than a week, [when] he began having adverse reactions to the medication, and he was having all kinds of racing thoughts through his head, and that ultimately prompted him to go into a convenience store in Cleveland Heights and [attempt] to rob the store. * * *

[W]hat he did essentially was put his hand in his pocket and pretended like he had a gun. The store owner was never convinced and he ultimately never did have a gun. * * * The store owner actually chased him out of the store and told him to get out[.] No one was harmed. Nothing taken. No gun. He was arrested and charged * * * with aggravated robbery, felony one.

After a series of pretrials, * * * it was pled down to a felony three robbery. He was placed on two years of community control. He completed that without issue.

And since that time there has been absolutely no violations, nothing, no criminal violations, nothing[.] * * * He's been a law-abiding citizen. * * * So today now he's fifteen years later, 33 years old. He's completed high school, he's completed a variety of educational programs. * * * He's got no subsequent history of mental health issues. He has a good job right now.

{¶18} E.C.'s trial counsel further explained that E.C. sought an expungement of his robbery conviction because E.C. "had some opportunity to get into acting, and his goal is to get in the Actor's Guild and really relocate and [he is] not able to do that. They made it very clear he can't do that with something like this on his record, and also something very simple, like just getting an apartment[.]"

{¶19} His trial counsel concluded that the "strong interest in moving on with his life in providing a better future for himself outweighs any government interest in keeping this conviction open."

{¶20} E.C. spoke next and explained to the trial court that "when [he] was on the medication, [he] had the adverse effect" and that "after [he] committed the crime, [he] actually turned [himself] in because [he] knew something was off and [he] wasn't in [the] right state of mind[.]" He said he believed that if he had not been on the medication and had been "thinking clearly and logically," he would not have committed the crime. He said that he is no longer on that medication and has not "had any legal problem whatsoever for fifteen years." He also reiterated that he sought expungement of his robbery conviction because it was preventing him from pursuing a career in acting, renting an apartment, and finding a job.

{¶21} After a review of the record, I find it hard to believe that the General Assembly's intent is being served in this case. After 15 years of living a law-abiding and productive life, E.C.'s snap decision — which did not result in an injury or damage to property — while under the adverse influence of new medication at the age of 18 is still prohibiting him from renting an apartment and pursuing a career and passion. Despite his clear rehabilitation, E.C. seemingly will never be able to remove his lifelong scarlet letter and reap the benefits and forgiveness that I believe R.C. 2953.36 was truly meant to provide.

{¶22} The expungement provisions of the Revised Code were created to be remedial in nature and "must be liberally construed to promote their purposes." *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 716 N.E.2d 204 (1999). Further, expunging criminal records serves many purposes, including providing economic benefits to defendants and society as a whole because the failure to seal records "hurt communities, * * * hurts counties and [] hurts states if their citizens cannot be productively employed or aren't part of the tax base." National Public Radio Inc., *Scrubbing the past to give those with a criminal record a second chance*, https:www.npr.org/2019/02/19/692322738/ scrubbing-the-past-to-give-those-with-a-criminal-record-a-second-chance (accessed Feb. 19, 2019).

> When ex-offenders return to their community after having paid their debt to society, they are often discriminated against because of prior convictions and arrests. This discrimination occurs in nearly every aspect of the ex-offender's life. It is found in limited employment opportunities including job interviews, hiring, promotions and advancements. It is found in housing opportunities including the ability to qualify for more secure and affordable housing and the ability to maintain mortgages and loans. It is found in the inability to obtain certain licenses needed to advance careers. It is found when parents are unable to volunteer at their children's school events because of the past convictions.

The American Law Institute, *Indiana's Second Chance Law — How Expungement Works in Indiana*, https://www.ali.org/media/filer_public/12/f7/ 12f73352-432d-4c38-8f1d-d339c7f57391/indiana2018_expungement_presenta-tionrev.pdf (accessed Feb. 19, 2019).

{¶23} There is also "a growing body of evidence that [prohibiting defendants from sealing their criminal records] undermines public safety if you don't help people move beyond their criminal record and participate in the workforce. Without that help, the chances of people returning to the criminal justice system increases." *Scrubbing the past*. Given that "with

background checks ubiquitous for jobs, schools, mortgage applications and more, even one conviction — and sometimes even just one arrest — can dog people for years, * * * relegating someone to permanent second-class status[,]" it is not surprising that there is "a new push in some states to clear some felony convictions, especially non-violent ones." *Id.*

{¶24} With all that in mind, I do not believe that an Ohio defendant's rehabilitation should be rendered "irrelevant" because of the labeling of their crime and without consideration of the underlying facts. *State v. V.M.D.*, 148 Ohio St.3d 450, 2016-Ohio-8090, 71 N.E.3d 274, ¶ 17.

{¶25} In *V.M.D.*, the Ohio Supreme Court stated,

> There seems to be little doubt that V.M.D. has made significant personal progress from when he was a high school student and committed the crime at issue and that he is the type of person that Ohio's sealing statutes are designed to benefit. However, the General Assembly has left the courts no room to seal the record of V.M.D.'s conviction, regardless of his being 18 when he committed the crime or the extent of his rehabilitation since his conviction. The focus in R.C. 2953.36 is on the crime committed rather than on the person who committed it. Any change in that calculus must come from the General Assembly.

*Id.* at ¶ 17. I, like the Ohio Supreme Court, recognize the limits that R.C. 2953.36 places on our decision in this case and that any change to the expungement process must come from the legislature. I write separately to note that the limits of R.C. 2953.36 undercut the rehabilitative nature that the expungement process is meant to serve in cases such as this one, where defendants have lived productively and have better opportunities awaiting upon expungement. In cases involving offenses other than homicides, sexual crimes, or those that caused serious bodily injury, trial courts should resort to the balancing test under R.C. 2953.32 (which trial courts use when an offender's prior conviction does not fall under R.C. 2953.36's restrictions) instead of relying on the offense's title. The trial court utilized such a balancing test in this case and, in my

opinion, reached a just result. While the trial court's ruling is clearly in conflict with R.C. 2953.36, I believe its ruling serves the purposes of the expungement process — rehabilitating offenders to live law-abiding lives — and justly allows E.C., who has lived a law-abiding life for 15 years, to move forward and pursue his life goals. Unfortunately, because of R.C. 2953.36's restrictions, I have no choice but to concur.