[Cite as *State v. Lively*, 2022-Ohio-462.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Earle E. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DAVID LIVELY, | : | Case No. 21 CAA 09 0046 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:             Appeal from the Delaware County
                                     Court of Common Pleas, Case No.
                                     82 CR I 09 0111



JUDGMENT:                            Affirmed




DATE OF JUDGMENT:                    February 16, 2022




APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

MELISSA A. SCHIFFEL                      MICHAEL A. MARROCCO
Delaware County Prosecuting Attorney     Saia & Piatt, Inc.
                                         98 North Union Street
By: LAURA K. DELGADO                     Delaware, Ohio 43015
Assistant Prosecuting Attorney
Delaware County Prosecutor's Office
145 North Union Street
Delaware, Ohio 43015

*Baldwin, J.*

{¶1} Defendant-appellant David Lively appeals from the August 24, 2021 Judgment Entry denying his Motion to Expunge and Seal Record. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} On September 22, 1982, the Delaware County Grand Jury indicted appellant on one count of grand theft (a motorcycle) in violation of R.C. 2913.02, then a felony of the third degree. Appellant, on February 10, 1983, entered a plea of guilty to grand theft. On March 15, 1983, appellant was sentenced to a term of incarceration of no less than one year and no more than ten years on the offense of grand theft.

{¶3} Appellant, on June 30, 2021, filed a Motion to Expunge and Seal Record. The trial court, pursuant to a Judgment Entry filed on August 24, 2021, denied the same.

{¶4} Appellant now appeals, raising the following assignment of error on appeal:

{¶5} "I. THE COURT ERRED IN FINDING APPELLANT STATUTORILY INELIGIBLE FOR THE SEALING OF HIS RECORDS PER OHIO CODE [SECTION] 2953.31."

I

{¶6} Appellant, in his sole assignment of error, argues that the trial court erred in denying his Motion to Expunge and Seal Record. We disagree.

{¶7} The issue in this case is whether or not the trial court erred in finding that appellant was statutorily ineligible for the sealing of this record under R.C. 2953.32(A)(1)(a).

{¶8}    A person convicted of a crime has no substantive right to have the record of that conviction sealed. *State v. V.M.D.*, 148 Ohio St.3d 450, 71 N.E.3d 274, 2016-Ohio-8090, ¶ 13. The sealing of the record of a conviction "is an act of grace created by the state." *State v. Hamilton*, 75 Ohio St.3d 636, 639. 1996-Ohio-440, 665 N.E.2d 669. Whether an applicant is an eligible offender under R.C. 2953.31 is a question of law that this court reviews de novo. *State v. Puckett*, 12th Dist. Clermont No. CA2020-11-065, 2021-Ohio-2634, ¶ 7-8; *State v. Futrall*, 123 Ohio St.3d 498, 918 N.E.2d 497, 2009-Ohio-5590, ¶ 6-7. The statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling. *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, paragraph two of the syllabus.

{¶9}    R.C. 2953.32(A)(1) sets forth the procedure for applying for expungement proceedings: Such section provides, in relevant part, as follows:

{¶10}  (A)(1) Except as provided in section 2953.61 of the Revised Code or as otherwise provided in division (A)(1)(d) of this section, an eligible offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the record of the case that pertains to the conviction, except for convictions listed under section 2953.36 of the Revised Code...

{¶11}  R.C. 2953.31 defines an "eligible offender", in part, as follows:

{¶12}  (A)(1) "Eligible offender" means either of the following:

{¶13}  (a)  Anyone who has been convicted of one or more offenses in this state or any other jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a

felony sex offense and all of the offenses in another jurisdiction, if committed in this state, would be felonies of the fourth or fifth degree or misdemeanors and none of those offenses would be an offense of violence or a felony sex offense.

{¶14} There is no dispute that appellant was convicted of a felony of the third degree and, therefore, not an eligible offender as defined by R.C. 2953.31(A)(1)(a). However, appellant argues that, in 1996, Senate Bill No.2 revised the felony sentencing laws and that under the revisions, his charge of theft of a motor vehicle now fails under theft (of a motor vehicle) under R.C. 2913.02(A)(5) which would be classified as a felony of the fourth degree making him eligible.

{¶15} The question thus becomes if the third degree felony for which appellant was convicted becomes a fourth degree felony retroactively.

{¶16} In *State v. Rush*, 83 Ohio St.3d 53, 697 N.E.2d 634, 1998-Ohio-423, the Ohio Supreme Court made clear that the sentencing provisions of Senate Bill 2 only applied to crimes committed on or after July 1, 1996, the effective date of S.B. 2, and are not to be applied retroactively. *Id.* at para. 2 of syllabus. See, also, *State v. Warren*, 118 Ohio St.3d 200, 887 N.E.2d 1145, 2008-Ohio-2011 (extensive revisions to criminal statutes that were enacted in Senate Bill 2, effective July 1, 1996, apply only to crimes committed on or after July 1, 1996).

{¶17} Senate Bill 2, therefore, did not apply to appellant's crime because it did not apply retroactively.

{¶18} Based on the forgoing, we find that the trial court did not err in denying appellant's Motion to Expunge and Seal Record.

{¶19} Appellant's sole assignment of error, is, therefore, overruled.

**{¶20}** Accordingly, the judgment of the Delaware County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, Earle, P.J. and

Gwin, J. concur.