[Cite as *State v. Randall*, 2022-Ohio-2467.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2022-T-0009** |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the<br>Court of Common Pleas |
| MARK O. RANDALL, | Trial Court No. 2021 CR 00633 |
| Defendant-Appellant. | |

# O P I N I O N

Decided: July 18, 2022
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Jeffrey A. Kurz*, 42 North Phelps Street, Youngstown, OH 44503 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Mark O. Randall, appeals from the judgment of the Trumbull County Court of Common Pleas, denying his application to expunge/seal the record in relation to a conviction for Attempted Disseminating Matter Harmful to Juveniles. For the following reasons, we affirm the judgment of the lower court.

{¶2} On October 2, 2012, Randall was indicted for Disseminating Matter Harmful to Juveniles, a felony of the fourth degree, in violation of R.C. 2907.31(A)(1). On February 5, 2013, Randall entered a plea of guilty to an amended count of Attempted Disseminating

Matter Harmful to Juveniles in violation of R.C. 2923.02(A) and 2907.31(A)(1). He was sentenced to a term of five years of community control.

{¶3} Randall filed an Application for Expungement of Conviction and Sealing of Records on November 18, 2021. It contended that he was an offender eligible for sealing of his records pursuant to R.C. 2953.31-.36. The State opposed the application, asserting that he was ineligible as a matter of law since convictions involving a minor under the age of sixteen as well as for Disseminating Matter Harmful to Juveniles are not eligible for sealing the record.

{¶4} On January 27, 2022, the trial court issued a judgment entry denying the application. It initially observed that whether an offense excepted from expungement under R.C. 2953.36 includes attempted offenses has been addressed by several appellate courts, but not this court. It determined, however, that it need not address this issue since the offense was ineligible for expungement due to the age of the victim, pursuant to R.C. 2953.36(A)(7).

{¶5} On appeal, Randall raises the following assignment of error:

{¶6} "The Trial Court abused its discretion when it found that a plea to an <u>Attempt</u> to Commit Unlawful Sexual Conduct with a Minor is not eligible for expungement/sealing of the record."

{¶7} A court of appeals reviews the lower court's decision to deny a motion to seal a record for an abuse of discretion. *State v. Torres*, 11th Dist. Trumbull No. 2020-T-0035, 2020-Ohio-5390, ¶ 13. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004). "When,

2

however, it is necessary for an appellate court to interpret and apply statutory provisions, its standard of review is de novo." *State v. M.J.*, 11th Dist. Ashtabula No. 2018-A-0046, 2019-Ohio-1420, ¶ 5; *Torres* at ¶ 13.

{¶8} "Although the determination whether to seal an applicant's record of conviction involves some exercise of discretion by the trial court, before an applicant gets to the point at which the court 'determine[s] whether the applicant has been rehabilitated to the satisfaction of the court,' R.C. 2953.32(C)(1)(c), he must first cross the threshold of statutory eligibility[.]" *State v. V.M.D.*, 148 Ohio St.3d 450, 2016-Ohio-8090, 71 N.E.3d 274, ¶ 13. While R.C. 2953.32 allows for an eligible offender to apply to the sentencing court for sealing of the record of the case, R.C. 2953.36 lists various convictions which are ineligible.

{¶9} As an initial matter, Randall assigns as error that the lower court "abused its discretion when it found that a plea to an Attempt to Commit Unlawful Sexual Conduct with a Minor is not eligible for expungement/sealing of the record." The trial court, however, did not make any finding regarding Unlawful Sexual Conduct with a Minor as this was not the offense for which Randall was convicted. Further, the court specifically found that it "does not need to make [the] determination" of whether attempts to commit offenses enumerated in R.C. 2953.36 are ineligible for expungement due to its finding of ineligibility on other statutory grounds. Nonetheless, Randall primarily focuses his argument on the fact that R.C. 2953.36(A)(6) prohibits sealing of the record for offenses of Disseminating Harmful Matter to Juveniles but does not mention the attempt of such a crime. He contends that the legislature's decision not to include attempted crimes evidences they are not subject to exclusion, noting a conflict among courts as to this

3

issue.

{¶10} R.C. 2953.36(A)(6) provides that "sections 2953.31 to 2953.35 of the Revised Code do not apply to * * * [c]onvictions * * * under section * * * 2907.31 * * * when the victim of the offense was under eighteen years of age." In relation to this exception, it has been held that attempted offenses render a defendant ineligible for sealing of the conviction where the underlying offense is enumerated as ineligible. *State v. Burnside,* 7th Dist. Mahoning No. 08 MA 172, 2009-Ohio-2653, ¶ 20 ("even though Burnside was convicted of *attempted* rape and not rape, the exception contained in R.C. 2953.36(B) exception still applies); *State v. Reid,* 2d Dist. Greene No. 2005CA0028, 2006-Ohio-840, ¶ 13 ("having been convicted of an attempted violation of R.C. 2907.06, Sexual Imposition, Defendant was not eligible as a matter of law to have the records of his conviction sealed or expunged"). In contrast, however, the court in *State v. A.V.*, 9th Dist. Lorain No. 17CA011138, 2018-Ohio-785, held that under a plain reading of R.C. 2953.36, an attempt of the listed offense was not precluded from sealing of the record. *Id.* at ¶ 11.

{¶11} The lower court chose to forego consideration of this issue since it found an alternate ground on which sealing of the record was impermissible. Since we agree with this conclusion, we decline to address the foregoing.

{¶12} R.C. 2953.36(A)(7) provides that sealing of the record is not permitted where a defendant is convicted of "an offense in circumstances in which the victim of the offense was less than sixteen years of age when the offense is a misdemeanor of the first degree or a felony." Under this exception, there are no specific enumerated offenses.

{¶13} Here, Randall was convicted of an offense that was a felony and the victim

4

was a child less than sixteen years of age. Although no transcript of the hearing on the request to seal is part of the record, to determine whether an offense is eligible for sealing, the court should examine the entire record. *State v. D.G.*, 10th Dist. Franklin No. 14AP-476, 2015-Ohio-846, ¶ 16; *see also State v. Simon*, 87 Ohio St.3d 531, 535, 721 N.E.2d 1041 (2000). It is evident from a review of the record that the victim was under the age of thirteen at the time of the offense. Most significantly, the Finding on Guilty Plea to the Amended Indictment, signed by Randall, states that the attempted Disseminating Matter Harmful to Juveniles related to the provision of obscene or harmful materials in relation to a juvenile "under thirteen years of age, to wit: date of birth of minor female victim is 05/16/2001." The police report included Randall's written statement in which he admitted that the minor child, documented by the police report and Children's Services to be ten years old, caught him watching pornography and he then allowed her to watch "so the video could explain her questions."

{¶14} Randall does not address R.C. 2953.36(A)(7) or whether it applies to attempted offenses, but we observe that (A)(7) does not list specific offenses and only the age of the victim and the level of the offense. The Eighth District has held, under a similar former version of R.C. 2953.36(A)(7) ("[c]onvictions of an offense *in circumstances in which the victim of the offense was under eighteen years of age when the offense is a misdemeanor of the first degree* or a felony"), that the offense of attempted pandering of obscenity was precluded from expungement under that section where the victim was three years old. *State v. M.R.*, 8th Dist. Cuyahoga No. 94591, 2010-Ohio-6025, ¶ 24. We do not find error in the application of R.C. 2953.36(A)(7) to preclude sealing the record. Regardless of whether an attempted offense is eligible for expungement under

5

R.C. 2953.36(A)(6), there was no error in the court's determination that it was ineligible due to the age of the victim and the commission of a felony offense.

{¶15} The sole assignment of error is without merit.

{¶16} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed. Costs to be taxed against appellant.


CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

Case No. 2022-T-0009