OPINION
{¶ 1} Defendant-appellant, Larry McCrea, appeals an order denying his R.C. 2953.32 application for expungement.
 {¶ 2} In 1998, McCrea was indicted on two counts of gross sexual imposition and one count of kidnapping. McCrea later pled no contest to reduced charges of one count of sexual imposition in violation of R.C. 2907.06(A), and one count of abduction. McCrea received a sentence of three years of community control and 32 days in jail.
 {¶ 3} In December 2004, McCrea filed an application for expungement under R.C. 2953.32 to seal the records of his sexual imposition and abduction convictions. The trial court concluded that McCrea was ineligible for expungement under the provisions of R.C. 2953.36(B) and denied the application.
 {¶ 4} In two assignments of error, McCrea claims that the denial of his expungement application on the basis of R.C. 2953.36(B) violates his constitutional rights to due process and equal protection of the law.
 {¶ 5} R.C. 2953.31 et seq., Ohio's expungement statutes, allow a first-time offender to apply to a sentencing court to seal a record of conviction. See State v. Kelly, Warren CA2002-04-041, 2002-Ohio-5887, ¶ 6. However, since expungement is an act of grace created by the state, it is a privilege, not a right. Id. at ¶ 5, citing State v. Simon,87 Ohio St.3d 531, 2000-Ohio-474. R.C. 2953.36(B) specifically excludes a number of convictions, including those arising under R.C. 2907.06, from the expungement proceedings of R.C. 2953.31 et seq.
 {¶ 6} This court has previously held that expungement of a criminal conviction is not a fundamental right protected by due process. State v.Davenport (1996), 116 Ohio App.3d 6, 11, discretionary appeal not allowed, 78 Ohio St.3d 1439, 1997-Ohio-622. R.C. 2953.36 does not violate an individual's right to due process under the Ohio and United States Constitutions, and due process considerations do not restrict the General Assembly's authority to limit the offenses eligible for expungement under R.C. 2953.32. Id.
 {¶ 7} In Davenport, this court also found that R.C. 2953.36 did not implicate any suspect classification or fundamental right and therefore need only be rationally related to some legitimate government interest to survive an equal protection challenge. R.C. 2953.36 is rationally related to the legitimate governmental interest of protecting the public from sexual offenders. Consequently, this court concluded that R.C. 2953.36
does not violate the Equal Protection Clause of the Ohio or United States Constitutions. Id., at 12, 13.
 {¶ 8} On the basis of Davenport, we find that the trial court's determination that McRea's sexual imposition conviction is ineligible for expungment under R.C. 2953.36(B) does not violate McCrea's constitutional rights to due process and equal protection of the law. For these reasons, McCrea's two assignments of error are overruled.
 {¶ 9} Judgment affirmed.
Walsh, P.J., and Bressler, J., concur.