[Cite as *State v. A.H.*, 2019-Ohio-5120.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 108205 |
| A.H., | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** December 12, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-00-397049-ZA

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha Forchione, Assistant Prosecuting Attorney, *for appellant.*

Mark A. Stanton, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellee.*

SEAN C. GALLAGHER, J.:

{¶ 1} The state appeals the trial court's decision to seal A.H.'s record of his February 2001 convictions, which are based on a violation of R.C. 2907.06

(misdemeanor sexual imposition) and a violation of R.C. 2903.13 (misdemeanor assault). For the following reasons, we reverse the decision of the trial court.

{¶ 2} A.H. filed a motion to seal his record of conviction in February 2017. In order to avail himself of the statutory provisions for sealing a record of conviction, A.H. had to demonstrate that the statutory provisions establishing the right to seal a record of conviction apply in his case and, if those provisions apply, that he is considered an "eligible offender" under R.C. 2953.31. Throughout these proceedings, A.H. has largely ignored R.C. 2953.36, which unambiguously establishes that sections 2953.31 through 2953.35 of the Revised Code do not apply to convictions under R.C. 2907.06. In A.H.'s motion to seal the record, he merely assumed that R.C. 2953.31 through 2953.35 applied.

{¶ 3} At the time of filing, R.C. 2953.31 defined "eligible offender" to include any offender who has been convicted of not more than one felony or two misdemeanor convictions. *Id.*, effective Sept. 19, 2014. If two or more convictions arose from the same facts and circumstances, those convictions were treated as a single conviction. *Id.* Before the trial court held a hearing on the matter, the General Assembly amended R.C. 2953.31(A), effective Oct. 29, 2018, to expand the definition of "eligible offender." Under the current version of the statute, an "eligible offender" also includes anyone convicted of not more than five felonies, unless those felonies are offenses of violence or felony sex offenses. R.C. 2953.31(A)(1)(a). The former definition remained unaltered. R.C. 953.31(A)(1)(b).

{¶ 4} A.H. argues that in light of the changes to R.C. 2953.31(A)(1)(a) that expand the applicability of the statute, and because he could be considered an "eligible offender" under that provision, he is entitled to have his record of convictions sealed. According to A.H., the amended version of R.C. 2953.31(A) permits offenders with misdemeanor sex offense convictions to have their records sealed because any such offender can be deemed "eligible" under that statutory section in light of the fact that the legislature only excluded felony sex offenders from seeking to seal a record of conviction. The state objected, claiming that A.H. cannot avail himself of R.C. 2953.31 because that section does not apply to misdemeanor convictions for violations of R.C. 2907.06 according to the unambiguous language of R.C. 2953.36(A). The trial court disagreed with the state, and in ordering A.H.'s record of conviction sealed, the court concluded that A.H. "is an eligible offender under R.C. 2953.31(A) * * *." The state appealed.

{¶ 5} Our review is quite broad. Whether an applicant is eligible to seek the sealing of a criminal record is an issue of law, which appellate courts review de novo. *State v. Paige*, 10th Dist. Franklin No. 15AP-510, 2015-Ohio-4876, ¶ 5, citing *State v. Hoyles*, 10th Dist. Franklin No. 08AP-946, 2009-Ohio-4483, ¶ 4, and *State v. Black*, 1oth Dist. Franklin No. 14AP-338, 2014-Ohio-4827, ¶ 6.

{¶ 6} The entire focus of A.H.'s motion to seal his record of conviction was to establish that he is an "eligible offender" as the term of art is defined under R.C. 2953.31(A). Consideration of whether A.H. meets that statutory definition is not the dispositive issue. The sole question is whether R.C. 2953.31 is even applicable to the

particular crimes A.H. committed. If R.C. 2953.31 is not applicable, then A.H.'s ability to demonstrate that he is an "eligible offender" thereunder is of little consequence. An offender has no substantive right to have a record of conviction sealed. *State v. V.M.D.*, 148 Ohio St.3d 450, 2016-Ohio-8090, 71 N.E.3d 274, ¶ 13. Sealing a record "'is an act of grace created by the state.'" *Id.*, quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639, 1996-Ohio-440, 665 N.E.2d 669. The threshold question that must be resolved before the trial court can exercise its discretion to consider whether to seal any record of conviction, is whether sections 2953.31 to 2953.35 of the Revised Code, which authorize the trial court to act, apply to the offender. *Id.*

{¶ 7} The Ohio Supreme Court has unambiguously concluded that "R.C. 2953.36 precludes the sealing of records of certain convictions; thus, an offender seeking to have sealed the records of conviction for an offense listed in R.C. 2953.36 is an ineligible offender" irrespective of R.C. 2953.31. *Id.* at ¶ 14. Further, "R.C. 2953.36 speaks for itself." *Id.* Courts cannot indulge in consideration of legislative intent if the statute is clear and unambiguous. *Id.* at ¶ 15. "'When the General Assembly has plainly and unambiguously conveyed its legislative intent, there is nothing for a court to interpret or construe, and therefore, the court applies the law as written.'" *Id.*, quoting *State v. Kreischer*, 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, syllabus. In other words, according to *V.M.D.,* the first step in the process of sealing a record of conviction is to determine whether the offender is eligible under R.C. 2953.36 in the colloquial sense, i.e., eligible to invoke R.C.

2953.31 through R.C. 2953.35. If he is, then the court must determine whether the offender is an "eligible offender" as that specific term of art is defined under R.C. 2953.31(A). If R.C. 2953.36 precludes an offender from applying sections 2953.31 through 2953.35 to the particular convictions at issue, then the offender is an "ineligible offender." *Id.*

{¶ 8} As applicable to the current case, under R.C. 2953.36, the General Assembly unambiguously provided that R.C. 2953.31 through 2953.35 do not apply to convictions for violations of R.C. 2907.06, unless, under division (B) of that section, it is determined that "on the date of the conviction, [sections 2953.31 to 2953.35 of the Revised Code] did not apply to the conviction, but after the date of the conviction, *the penalty for or classification of the offense was changed so that those sections apply to the conviction.*" (Emphasis added.)

{¶ 9} The penalty for, or the classification of, the sexual imposition offense under R.C. 2907.06 has not changed since A.H.'s original conviction in 2001. Under the version of R.C. 2907.06 then in effect, as it stands today, the crime has always been punishable as a misdemeanor sex offense. Regardless of whether A.H. could be considered an "eligible offender" under R.C. 2953.31(A), his record of conviction cannot be sealed according to the unambiguous language of R.C. 2953.36(A)(2), which provides that sections 2953.31 through 2953.35 of the Revised Code do not apply to any conviction for a violation of R.C. 2907.06. The exception to the prohibition announced under R.C. 2953.36(A) does not apply. In light of the unambiguous language of R.C. 2953.36(A), it necessarily follows that R.C. 2953.31

does not apply to A.H.'s conviction. Because R.C. 2953.31(A) does not apply, the trial court erred in considering whether A.H. was an "eligible offender" thereunder. A.H. is an ineligible offender regardless of R.C. 2953.31 and is statutorily precluded from availing himself of the statutory right to seek the sealing of his record of conviction. The trial court erred in concluding otherwise.

{¶ 10} In response, A.H. claims that R.C. 2953.36 is unconstitutional because it precludes him, and incidentally all other offenders convicted of sexual imposition under R.C. 2907.06, from seeking to seal that record of conviction. In light of the fact that A.H. did not challenge the constitutionality of the statute in the proceedings below, we decline to consider that argument within the scope of this appeal. *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 15 (courts have discretion to decline consideration of forfeited constitutional challenges raised for the first time in an appeal). The sole argument advanced in the trial court proceedings was limited to A.H.'s claim that he was an eligible offender under R.C. 2953.31(A), a provision that does not apply to A.H.'s conviction.

{¶ 11} Further, even if we were to exercise our discretion to consider the belated constitutional challenge, we note that A.H. does not have a constitutional right to seal his record of conviction. *Hamilton*, 75 Ohio St.3d 636, at 639, 1996-Ohio-440, 665 N.E.2d 669; *State v. McCrea*, 12th Dist. Warren No. CA2005-01-001, 2005-Ohio-4918, ¶ 7. He is only afforded the right that has been granted to him by the legislature. A.H.'s sole argument in this appeal is that R.C. 2953.36 places him "in the class of people who can never receive the 'atonement' and 'forgiveness' of

sealing of the record[, which] violates equal protection." The simple fact that a conviction for sexual imposition cannot be sealed is not a basis for declaring a constitutional violation when no offender has a constitutional right to seal any record of conviction for sexual imposition in the first place. The statutory section treats all offenders the same. No one convicted for a violation of R.C. 2907.06 may seek to have that record of conviction sealed.

{¶ 12} In addition, we cannot accept A.H.'s invitation to consider *Pepper Pike v. Doe*, 66 Ohio St.2d 374, 421 N.E.2d 1303 (1981), as a basis to create a judicial right to the sealing of a record of conviction for a violation of R.C. 2907.06. *Pepper Pike* has been superseded by statute and was expressly recognized as an exceptional case even at the time it was announced. *State v. Radcliff*, 142 Ohio St.3d 78, 2015-Ohio-235, 28 N.E.3d 69, ¶ 23-25. As the Ohio Supreme Court then determined, "[a]lthough the judicial power to seal criminal records still exists, 'it is limited to cases where the accused has been acquitted or exonerated in some way and protection of the accused's privacy interest is paramount to prevent injustice.'" *Id.* at ¶ 27, quoting *State v. Chiaverini*, 6th Dist. Lucas No. L-00-1306, 2001 Ohio App. LEXIS 1190, 2 (Mar. 16, 2001). A.H. was not exonerated in any fashion. The fact that R.C. 2953.36 expressly states that R.C. 2953.31 does not apply to any offender convicted of R.C. 2907.06 does not render R.C. 2953.36 to be unconstitutional, nor can any court use its inherent authority to seal the record of a valid conviction for a violation of R.C. 2907.06.

**{¶ 13}** We understand and can empathize with A.H.'s frustration over the fact that an offender with up to five felony convictions can seek to seal a record of conviction while A.H. cannot seek to shield his particular misdemeanor conviction from public scrutiny. Nevertheless, the scope of what constitutes a sealable record is purely within the legislative prerogative and any policy considerations, such as those underlying A.H.'s concerns, must be addressed within the legislative branch of government. *See, e.g., V.M.D.*, 148 Ohio St.3d 450, 2016-Ohio-8090, 71 N.E.3d 274, at ¶ 13; *Hamilton* at 639. The judiciary cannot make policy decisions to expand the scope of what constitutes a sealable record of conviction against the express language of the applicable statutory sections. If the legislature intended to permit offenders such as A.H. to seal a record of a misdemeanor conviction for a violation of R.C. 2907.06, R.C. 2953.36(A)(2) would have been amended to reflect this intent. Absent such an amendment, courts must apply the statute as unambiguously written.

**{¶ 14}** Accordingly, we reverse the decision of the trial court and order the unsealing of the records of conviction in this case. Even though A.H. could be considered an "eligible offender" under R.C. 2953.31(A), that section is inapplicable to A.H.'s conviction pursuant to R.C. 2953.36(A)(2). The case is remanded for the sole purpose of carrying our judgment into execution.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
ANITA LASTER MAYS, J., CONCUR