[Cite as *State v. W.H.*, 2020-Ohio-3737.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | No. 19AP-115 |
| | | (C.P.C. No. 91CR-2512A) |
| v. | : | |
| [W.H.], | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on July 16, 2020

**On brief**: *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellant.

**On brief:** *John T. Belton*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, the State of Ohio, appeals the order of the Franklin County Court of Common Pleas sealing defendant-appellee W.H.'s record of conviction in Franklin C.P. No. 91CR-2512A.

{¶ 2} In 1991, W.H. pleaded guilty to and was sentenced for the offense of attempted aggravated trafficking in violation of R.C. 2923.02, a fourth-degree felony. And, at other times, W.H. was convicted of a total of four misdemeanors, including first-degree misdemeanor assault under Columbus City Code,[1] two different counts of operating a motor vehicle while impaired, and failure to confine a vicious dog.

{¶ 3} On December 4, 2018, W.H. filed an application to seal his 1991 felony conviction, but the state objected. The state argued the trial court could not grant the

---

[1] According to the documentation provided by the state, the "charge code" for W.H.'s assault conviction is C.C.C. 2303.01, or at least it was in November 1986 when he was convicted. The current city code lists "assault" under C.C.C 2303.13, and there is no provision with a code section of C.C.C. 2303.01. W.H. has not contested the state's assertion that he was convicted of first-degree misdemeanor assault.

motion because first-degree misdemeanor assault is an "offense of violence" as defined in R.C. 2901.01(A)(9) and W.H. was therefore not an "eligible offender" under the recently amended version of R.C. 2953.31(A)(1)(a). The state also argued that because W.H. was previously convicted of operating a motor vehicle while impaired, R.C. 2953.36 precluded him from obtaining an expungement under R.C. 2953.31(A)(1)(b).

{¶ 4}  The trial court held a hearing on W.H.'s application on February 21, 2019. The court observed that "the State of Ohio, they read that offense of violence as excepting anybody and everybody that has a conviction for an offense of violence. They think that knocks them out of the new law. I think that phrase modifies the felony four or felony five. His felony four is not an offense of violence."  (Tr. at 8.) The court further stated that "[u]nder [R.C.] 2953.36, these are the cases that are excepted out from expungement or sealing of the record. Convictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of 2903.13, which is assault." *Id.*

{¶ 5}  Based on this analysis, the trial court sealed the record of W.H.'s attempted aggravated trafficking conviction under R.C. 2953.31(A)(1)(a). The state timely appealed, and now asserts a single assignment of error arguing that "[t]he trial court lacked jurisdiction to seal the defendant's record of conviction, because he failed to meet the definition of 'eligible offender.' " (Appellant's Brief at 4.)

{¶ 6}  Effective October 29, 2018, Ohio's law on sealing criminal records (often referred to as "expungement") was expanded to permit the sealing of records of an unlimited number of misdemeanor offenses and "not more than five felonies," subject to some conditions. *See* R.C. 2953.31(A)(1)(a). The definition of "eligible offender," previously set forth in one subsection, has now been split into subsections (A)(1)(a) and (b):

> Anyone who has been convicted of one or more offenses, but not more than five felonies, in this state or any other jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense and all of the offenses in another jurisdiction, if committed in this state, would be felonies of the fourth or fifth degree or misdemeanors and none of those offenses would be an offense of violence or a felony sex offense;
>
> Anyone who has been convicted of an offense in this state or any other jurisdiction, to whom division (A)(1)(a) of this

section does not apply, and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

{¶ 7} The language in subsection (A)(1)(a) is brand new, while the language in subsection (A)(1)(b) essentially mirrors the definition provided in former R.C. 2953.31(A). Prior to the amendment, the disqualifying conditions for offenders—including exceptions for "offense[s] of violence"—were not mentioned in R.C. 2953.31(A) at all, but were set forth entirely in R.C. 2953.36. *See* former R.C. 2953.31(A) and 2953.36. New subsection (A)(1)(a) dramatically increases the number of offenses that may be sealed, but does not apply if the applicant has been convicted of any offense that is "an offense of violence or a felony sex offense."

{¶ 8} Using the general definition of "offense of violence," convictions of R.C. 2903.13 assault have historically been considered disqualifying "offenses of violence" under R.C. 2953.36(A)(3), and that exclusion remains in the law. *See generally State v. C.D.D.*, 10th Dist. No. 19AP-130, 2019-Ohio-4754, ¶ 8 (citing definition of "offense of violence" in R.C. 2901.01(A)(9)(a) and rejecting argument that R.C. 2953.36(A)(3) was intended to modify that definition in the context of sealing records). But, as a result of the amendment to R.C. 2953.31(A), the 2953.36(A)(3) exceptions to eligibility now primarily affect "eligible offenders" under R.C. 2953.31(A)(1)(b)—new subsection R.C. 2953.31(A)(1)(a) already excludes eligibility for all offenses that "are an offense of violence or a felony sex offense" but subsection (A)(1)(b) does not include that qualifier.

{¶ 9} The state, therefore, argues that because W.H. had a conviction for an "offense of violence" under R.C. 2901.01(A)(9)(a), he could not meet the new definition of "eligible offender" contained in R.C. 2953.31(A)(1)(a). The state contends the trial court

incorrectly concluded that the "offense of violence" language in R.C. 2953.31(A)(1)(a) only applied to the fourth or fifth-degree felonies that W.H. was attempting to seal. The state also observes that because W.H. had one felony conviction and four misdemeanor convictions, he could not qualify as an "eligible offender" under R.C. 2953.31(A)(1)(b). Finally, the state asserts the trial court erred by concluding R.C. 2953.36(A)(3) excludes misdemeanor convictions of R.C. 2903.13 assault from being disqualifying "offenses of violence."

{¶ 10} W.H. responds that the trial court correctly interpreted R.C. 2953.31(A)(1)(a) in holding that the phrase "none of those offenses are an offense of violence or a felony sex offense" modifies only the phrase "are felonies of the fourth or fifth degree" and does not apply to the phrase "or misdemeanors." W.H. also argues the trial court correctly held that his conviction for assault under the city code is not an offense of violence under the city code, and finally contends the trial court correctly held that his assault conviction is not an "offense of violence" under under R.C. 2953.36(A)(3). He therefore asserts he is an "eligible offender" as defined in R.C. 2953.31(A)(1)(a), in that he was convicted of only one felony of the fourth degree, and that none of the four misdemeanors for which he was convicted were an offense of violence or a felony sex offense.

{¶ 11} In analyzing the effect of this amendment on W.H.'s application to seal, we first observe that W.H.'s conviction for first-degree-misdemeanor assault under the city code constitutes an offense of violence "[a]s used in the Revised Code." R.C. 2901.01(A)(9)(a) defines "offense of violence" to include "[a] violation of section * * * 2903.13 * * * of the Revised Code," and R.C. 2901.01(A)(9)(b) also includes "[a] violation of an existing or former municipal ordinance or law of this or any other state or the United States, substantially equivalent to any section, division, or offense listed in division (A)(9)(a) of this section." Accordingly, we conclude insofar as the trial court's analysis rested on the theory that W.H.'s assault conviction was not an "offense of violence," under the general definition in the Revised Code, it is erroneous. Moreover, we have already analyzed and rejected the argument that R.C. 2953.36(A)(3) modifies the R.C. 2901.01(A)(9)(a) definition of "offense of violence" for purposes of record-sealing under R.C. 2953.31 through 35. *See C.D.D.* at ¶ 8-10. Accordingly, we hold that first-degree

misdemeanor assault under the Columbus City Code is an "offense of violence" under the Ohio Revised Code, and W.H.'s assertion to the contrary is incorrect.[2]

{¶ 12} Similarly, we cannot accept the trial court's statutory interpretation of R.C. 2953.31(A)(1)(a). That subsection's definition of "eligible offenses" contains the express limitation that "all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors *and* none of those offenses are an offense of violence or a felony sex offense." (Emphasis added.) The trial court's reading does not account for the use of the modifier "felony" on the phrase "sex offense," which would be unnecessary if the phrase "an offense of violence or a felony sex offense" did not also generally apply to misdemeanors. And we simply do not believe there is any cogent way to read the qualifying phrase "and none of those offenses are an offense of violence" without applying it to the subject "misdemeanors," which directly precedes it. Such a tortured reading is inconsistent with the plain language of the statute, and the trial court's contrary interpretation has the effect of reading the phrase "or misdemeanors" out of the statute entirely.

{¶ 13} Finally, we believe the trial court's analysis has misapplied R.C. 2953.36. The court concluded that because sections 2953.31 to 2953.35 of the Revised Code do not apply to the various offenses specified in R.C. 2953.36, that any of those offenses can be sealed. (Tr. at 8.) But this analysis is backward—R.C. 2953.36 enumerates offenses that preclude sealing under R.C. 2953.31, it does not list those that can be sealed.

{¶ 14} In short, we conclude that given his conviction for a misdemeanor offense of violence under Columbus City Code, W.H. is excluded from the plain-language definition of "eligible offender" in R.C. 2953.31(A)(1)(a). And because under R.C. 2953.36 his prior convictions for OVI specifically exclude him from eligibility under the remaining provisions of R.C. 2953.31, the trial court's decision granting his motion to seal was erroneous. For these reasons, we sustain the state's assignment of error, and reverse the decision of the Franklin County Court of Common Pleas sealing the record of W.H.'s conviction for attempted aggravated trafficking.

*Judgment reversed.*

SADLER, P.J., and NELSON, J., concur.

---

[2] Assault under C.C.C. 2303.13 is also defined as an offense of violence under Columbus City Code. *See* C.C.C. 2301.01(I)(1).