[Cite as *State v. Puckett*, 2021-Ohio-2634.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2020-11-065 |
| Appellee, | : | O P I N I O N<br>8/2/2021 |
| | : | |
| - vs - | : | |
| | : | |
| KELLY N. PUCKETT nka KELLY N. STROPES, | : | |
| | : | |
| Appellant. | | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2015-CR-00086

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas Horton, Assistant Prosecuting Attorney, for appellee.

Thomas F. Grennan, for appellant.

**M. POWELL, P.J.**

{¶ 1} Appellant, Kelly Puckett nka Kelly Stropes, appeals a decision of the Clermont County Court of Common Pleas denying her application to seal the record of her felony conviction.

{¶ 2} In 2015, appellant pled guilty to attempted sexual battery in violation of R.C. 2907.03, a felony of the fourth degree. She was sentenced to a two-year period of

community control. After appellant successfully completed her community control, the trial court terminated the community control and discharged appellant by entry filed on July 3, 2017. In 2020, appellant moved the trial court to seal the record of her conviction. The state opposed the motion, arguing that appellant's attempted sexual battery conviction was ineligible for sealing under R.C. 2953.36(A)(3), which prohibits sealing of "[c]onvictions of an offense of violence when the offense is a * * * felony[.]"

{¶ 3} On October 15, 2020, the trial court denied appellant's application to seal the record of her conviction. The trial court found that despite recent amendments to R.C. 2953.31 and 2953.36, appellant's conviction was ineligible for sealing under R.C. 2953.36(A)(3) because the conviction was for a felony offense of violence.

{¶ 4} Appellant now appeals, raising one assignment of error:

{¶ 5} THE COURT ERRED BY FAILING TO CONSIDER THE AMENDMENTS TO ORC SECTION 2953.31(A) AND RULING, AS A MATTER OF LAW, THAT THE APPEL[L]ANT WAS NOT AN "ELIGIBLE OFFENDER" UNDER ORC SECTION 2953.31 TO 2953.36.

{¶ 6} Appellant argues that the trial court erred in denying her application to seal the record of her attempted sexual battery conviction. Appellant asserts that the trial court failed to consider the significant changes the Ohio legislature made to R.C. 2953.31 and 2953.36 after appellant's 2015 conviction.

{¶ 7} A person convicted of a crime has no substantive right to have the record of that conviction sealed. *State v. V.M.D.*, 148 Ohio St.3d 450, 2016-Ohio-8090, ¶ 13. The sealing of the record of a conviction "is an act of grace created by the state." *State v. Hamilton*, 75 Ohio St.3d 636, 639, 1996-Ohio-440. Whether an applicant is an eligible offender under R.C. 2953.31 and whether an offense is precluded from sealing by R.C. 2953.36 are questions of law that are independent of one another and that this court reviews

- 2 -

de novo. *State v. Roark*, 12th Dist. Warren No. CA2018-02-019, 2018-Ohio-3549, ¶ 8; *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, ¶ 6-7. The statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling. *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, paragraph two of the syllabus.

{¶ 8} R.C. 2953.31(A) defines who is an eligible offender. At the time of appellant's conviction, the statute defined "eligible offender" to include any offender who had been convicted of not more than one felony. Effective October 29, 2018, R.C. 2953.31(A) was amended, expanding the definition of "eligible offender" into two separate categories, R.C. 2953.31(A)(1)(a) and (A)(1)(b). Therefore, at the time of the filing of appellant's application, and as pertinent here, R.C. 2953.31(A)(1)(a) defined "eligible offender" as someone who had been convicted of no more than five felonies, "if all of the offenses in this state are felonies of the fourth or fifth degree * * * and none of those offenses are an offense of violence[.]" In turn, R.C. 2953.31(A)(1)(b) defined "eligible offender" as someone who had "been convicted of an offense in this state or any other jurisdiction, to whom division (A)(1)(a) of this section does not apply, and who has not more than one felony conviction[.]"

{¶ 9} R.C. 2901.01(A)(9)(a) defines an offense of violence as including a violation of R.C. 2907.03, the sexual battery statute. Additionally, R.C. 2901.01(A)(9)(d) defines an "attempt to commit * * * any offense under [R.C. 2901.01(A)(9)(a)]" as an offense of violence. *See V.M.D.*, 2016-Ohio-8090 at ¶ 14; *Roark*, 2018-Ohio-3549 at ¶ 11, 15. Thus, attempted sexual battery is an offense of violence, and because it was a fourth-degree felony conviction, appellant was ineligible to have her record of conviction sealed under R.C. 2953.31(A)(1)(a). Appellant asserts the trial court nonetheless erred in denying her application because she is an eligible offender under R.C. 2953.31(A)(1)(b) as she only has one felony conviction and subsection (A)(1)(b) does not include the offense-of-violence

- 3 -

qualifier.

{¶ 10} However, R.C. 2953.36 "precludes the sealing of records of certain convictions." *V.M.D.* at ¶ 14. In other words, R.C. 2953.36 lists several offenses that are ineligible for expungement. Thus, if an offender has been convicted of one of the offenses enumerated in R.C. 2953.36, he is precluded from seeking to seal the record of his conviction as a matter of law, irrespective of R.C. 2953.31(A). *See V.M.D.* at ¶ 14; *State v. J.B.*, 9th Dist. Summit No. 29699, 2021-Ohio-187, ¶ 12; *State v. A.H.*, 8th Dist. Cuyahoga No. 108205, 2019-Ohio-5120, ¶ 7. *See also State v. W.H.*, 10th Dist. Franklin No. 19AP-115, 2020-Ohio-3737, ¶ 13; *State v. Waxler*, 11th Dist. Lake No. 2020-L-109, 2021-Ohio-1017, ¶ 16.

{¶ 11} As applicable here, R.C. 2953.36 provides that R.C. 2953.31 through 2953.35 do not apply to "convictions of an offense of violence when the offense is a * * * felony" unless, under division (B) of R.C. 2953.36, it is determined that "on the date of the conviction, [R.C.] 2953.31 to 2953.35 did not apply to the conviction, but after the date of the conviction, *the penalty for or classification of the offense was changed so that those sections apply to the conviction.*" (Emphasis added.) R.C. 2953.36(A)(3), (B).[1] In other words, R.C. 2953.36(B) declares that a person may apply for the sealing of the record of conviction of an offense that was precluded from being sealed under R.C. 2953.36 at the time of conviction but has since been reclassified such that R.C. 2953.36 does not preclude sealing. Appellant asserts that R.C. 2953.36(B) applies to her application because newly R.C. 2953.31(A)(1)(b) "makes a change in the classification of the eligible offender[.]"

---

1. At the time of appellant's conviction, R.C. 2953.36(C) prohibited the sealing of any conviction for a felony offense of violence. Effective September 14, 2016, R.C. 2953.36 was amended, changing the subsections excepting offenses from letters to numbers. Thus, former R.C. 2953.36(C) was amended to R.C. 2953.36(A)(3). The 2016 amendment further added a new division, (B), which reads as follows: "[R.C.] 2953.31 to 2953.35 apply to a conviction listed in this section if, on the date of the conviction, those sections did not apply to the conviction, but after the date of the conviction, the penalty for or classification of the offense was changed so that those sections apply to the conviction."

Appellant confuses being an "eligible offender" with whether the record of an attempted sexual battery conviction may be sealed. R.C. 2953.36(B) refers to a change in the classification of, or penalty for, an offense, not to a change in the classification of an eligible offender.

{¶ 12} The penalty for, or the classification of, the attempted sexual battery offense under R.C. 2907.03 and 2923.02 has not changed since appellant's 2015 conviction. Under the version of R.C. 2907.03 then in effect and as it stands today, the crime has always been punishable as a felony offense of violence. Furthermore, attempted sexual battery as an offense of violence has been precluded from sealing since Senate Bill 13 amended R.C. 2953.36, effective March 23, 2000. *See State v. Ryback*, 11th Dist. Lake No. 2011-L-084, 2012-Ohio-1791. Regardless of whether appellant could be considered an "eligible offender" under R.C. 2953.31(A)(1)(b), her record of conviction cannot be sealed according to the unambiguous language of R.C. 2953.36(A)(3), which provides that R.C. 2953.31 through 2953.35 do not apply to any conviction for a felony offense of violence. *See A.H.*, 2019-Ohio-5120. The trial court, therefore, properly applied R.C. 2953.31 and 2953.36 and did not err in denying appellant's application to seal the record of her attempted sexual battery conviction.

{¶ 13} We note that R.C. 2953.31 was again amended, effective April 12, 2021. In defining who is an eligible offender under R.C. 2953.31(A)(1)(b), the amendment added the requirement that "[t]he conviction that is requested to be sealed shall be a conviction that is eligible for sealing as provided in section 2953.36 of the Revised Code." We believe the added language is a clarification that the legislature intended the restrictions in R.C. 2953.36 to apply to convictions regardless of whether applicants would otherwise be eligible offenders under R.C. 2953.31.

{¶ 14} Appellant's assignment of error is overruled.

{¶ 15} Judgment affirmed.

HENDRICKSON and BYRNE, JJ., concur.