[Cite as *State v. Thompson*, 2018-Ohio-1393.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 105785

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# GREGORY THOMPSON

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-612589-A

**BEFORE:** Celebrezze, J., E.A. Gallagher, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** April 12, 2018

**ATTORNEY FOR APPELLANT**

Joseph V. Pagano
P.O. Box 16869
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Andrea N. Isabella
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Gregory Thompson ("appellant"), brings this appeal challenging the trial court's sentence for attempted domestic violence. Specifically, appellant argues that the trial court's sentence is contrary to law and that the trial court erred by imposing consecutive sentences. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} The instant matter arose from an incident that occurred on December 15, 2016, between appellant and his live-in girlfriend. In Cuyahoga C.P. No. CR-16-612589-A, the Cuyahoga County Grand Jury returned a three-count indictment on January 6, 2017, charging appellant with domestic violence, a fourth-degree felony in violation of R.C. 2919.25(A), with a furthermore specification alleging that appellant previously pled guilty to or was convicted of domestic violence on or about July 10, 2012, and two counts of aggravated menacing, first-degree misdemeanors in violation of R.C. 2903.21(A). Appellant was arraigned on January 23, 2017. He pled not guilty to the indictment.

{¶3} The parties reached a plea agreement. On March 15, 2017, appellant pled guilty to an amended Count 1, attempted domestic violence, a fifth-degree felony in violation of R.C. 2923.02 and 2919.25(A). The aggravated menacing counts were nolled. The trial court ordered a presentence investigation report ("PSI") and set the

matter for sentencing.

{¶4} The trial court held a sentencing hearing on April 19, 2017. The trial court sentenced appellant to a prison term of seven months.

{¶5} On May 16, 2017, appellant filed the instant appeal challenging the trial court's sentence. He assigns one error for review:

> I. Appellant's sentence is contrary to law and consecutive sentences were not properly imposed.

## II. Law and Analysis

{¶6} As an initial matter, we note that contrary to appellant's assertion, the trial court did not impose consecutive sentences. The trial court only imposed a sentence on the attempted domestic violence count to which appellant pled guilty. The trial court did not sentence appellant on any other counts or any additional criminal cases. Accordingly, R.C. 2929.14(C)(4), governing consecutive sentences, is inapplicable, and appellant's arguments pertaining to the imposition of consecutive sentences are summarily overruled.

### A. Standard of Review

{¶7} Our review of felony sentences is governed by R.C. 2953.08(G)(2). Pursuant to R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21. A sentence is not clearly and convincingly contrary to law "where

the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies post-release control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10.

## B. R.C. 2929.13

**{¶8}** In challenging the trial court's sentence, appellant initially directs this court to R.C. 2929.13, which delineates a trial court's ability to impose a prison sentence for felony convictions. R.C. 2929.13(B)(1)(a), which creates a presumption in favor of community control sanctions for felonies of the fourth or fifth degree that meet specified criteria, provides, in relevant part, "[e]xcept as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree *that is not an offense of violence* or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least one year's duration[.]" (Emphasis added.)

**{¶9}** In the instant matter, appellant pled guilty to attempted domestic violence, in violation of R.C. 2923.02 and 2919.25(A). R.C. 2901.01(A)(9)(a) provides that domestic violence, a violation of R.C. 2919.25, is an "offense of violence." Furthermore, the Ohio Supreme Court has held that an attempt to commit any offense enumerated in R.C. 2901.01(A)(9)(a) also meets the definition of an "offense of violence." *State v. V.M.D.*, 148 Ohio St.3d 450, 2016-Ohio-8090, 71 N.E.3d 274, ¶ 14. Accordingly, the trial court was not required to impose community control sanctions and

R.C. 2929.13(B)(1) is inapplicable. Under these circumstances, R.C. 2929.13(B)(2) instructs trial courts to comply with the purposes and principles of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12 in determining whether to impose a prison sentence for a felony of the fourth or fifth degree.

### C. R.C. 2929.11 and 2929.12

{¶10} Appellant argues that the trial court's seven-month prison sentence is contrary to law. In support of his argument, appellant contends that the trial court's sentence "does not comply with R.C. 2929.11 and R.C. 2929.12 because clearly and convincingly the record does not [support] a prison sentence in this case." Appellant's brief at 8. He further argues that the seven-month prison sentence is "more than the minimum sanction that would be required to accomplish the purposes of R.C. 2929.11," and that the seriousness and recidivism factors set forth in R.C. 2929.12 do not support the imposition of the seven-month prison sentence. Appellant's brief at 12.

{¶11} As noted above, a sentence is contrary to law if the sentence falls outside the statutory range for the particular degree of offense or the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13. After reviewing the record in this case, we find that the trial court's sentence is not contrary to law.

**{¶12}** The trial court's seven-month prison sentence on the fifth-degree felony attempted domestic violence count was within the permissible statutory range set forth in R.C. 2929.14(A)(5). R.C. 2929.14(A)(5) provides, "[f]or a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months." The trial court's sentencing journal entry provides, in relevant part, "the court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." Aside from this notation in the sentencing entry, the record reflects that the trial court did, in fact, consider all the relevant R.C. 2929.11 and 2929.12 sentencing factors.

**{¶13}** The trial court indicated that it received and reviewed appellant's PSI. The trial court indicated that it considered the statements of defense counsel, appellant, and the prosecution.

**{¶14}** First, defense counsel acknowledged that appellant's criminal history is "a bit checkered with several years of criminal history back and forth." (Tr. 18.) Defense counsel asserted that appellant accepted responsibility for the December 15, 2016 incident and that appellant did not physically harm the victim during the incident. Counsel stated that appellant is a good and nice person, he keeps to himself, and that he is not a threat to society. Counsel opined that appellant "makes bad choices in persons he gets into relationships with." (Tr. 22.) Counsel advised the trial court that he recommended that appellant participate in anger management to cope with problems that arise in his relationships. Finally, counsel suggested that the victim has antagonized and continues

to antagonize appellant by showing up at his house.

**{¶15}** Second, appellant addressed the trial court and asserted that he made a mistake by taking in the victim and her child when they were homeless. He acknowledged that he has made some mistakes in his life that he regrets.

**{¶16}** Third, the prosecutor addressed the trial court and provided the following account of the December 15, 2016 incident and the impact that the incident had on the victim:

> [appellant] was upset because his then girlfriend planned to — at least the idea was put out there to see her ex-husband. [Appellant] got upset by that and in front of the victim's 10-year-old daughter, took her phone.

> As she tried to get it back, he pushed her and then from there told the 10-year-old daughter that if she didn't shut her mouth, too, he would also shoot her. So I know that the victim in this case was especially upset that her daughter had to witness this. She has since ended the relationship with [appellant] so much so that when I initially spoke to her in January, she indicated to me that her first and foremost priority was to get away from [appellant]. And in doing so, she had changed her residence. Even her mailing address is a PO box.

(Tr. 25.) Regarding defense counsel's insinuation that the victim was instigating appellant, the prosecutor explained that the victim sent appellant a text message or two, but the victim denied the allegations that she broke into his house or trespassed on his property.

**{¶17}** The prosecutor further stated that appellant has a criminal history dating back to 1981. Appellant's criminal history includes convictions for grand theft, drug offenses, sexual battery, forgery, breaking and entering, attempted tampering with evidence, and a 2012 conviction for domestic violence. Although the victim did not make a statement during the sentencing hearing, the prosecutor reiterated that the victim was "very upset again about the fact that [the December 15, 2016 incident] did take place in front of her 10-year-old daughter[.]" (Tr. 27.)

**{¶18}** Appellant responded to the prosecutor's statement. He apologized to the victim and her family, but asserted that he does not call or contact the victim and that he does not want to have any dealings with her. Appellant explained that he asked the victim and her children to move out because they had "rampaged" his house. (Tr. 27-28.)

**{¶19}** The trial court considered appellant's criminal history, explaining:

the criminal history that I verified here, that there's no doubt about is extremely troubling to this Court. There is a serious amount of violence in your past, including violence to women. There is a current active protection order against you. It looks like [the protection order pertains to] family members * * *. This is another indication, this incident we're here for, of your violent tendencies. You threatened to kill somebody, shoot a little girl. That's extremely troubling.

(Tr. 29.)

**{¶20}** Appellant addressed the trial court's concern about the threats he made to the victim's daughter, explaining that "[i]t's a form of language that we are kosher to use. * * * It was just words.   I didn't mean no harm to [the victim] or her child[.]"   (Tr. 29.)  Appellant acknowledged that the threat could have been harmful to the victim's child, but he asserted that he "didn't mean it like that."   (Tr. 30.)

**{¶21}** Following this exchange, the trial court emphasized that appellant "[does not] quite comprehend the issue with domestic violence, although [he has] been charged several times with it, multiple times[.]"   (Tr. 30-31.)   The trial court stated that appellant did not understand the severity of the threats that he made: "you don't understand how your words do matter and that's why it's illegal — to threaten family or a household member.   It's extremely harmful.   It's extremely damaging, especially to a young child who witnesses this.   Whatever she did, that child didn't deserve to be threatened."   (Tr. 31.)

**{¶22}** After reviewing appellant's PSI, appellant's criminal history, and the parties' statements during the sentencing hearing, the trial court concluded that appellant was not amenable to community control sanctions.   The trial court explained that it made this determination — that appellant was not amenable to community control sanctions — based on his criminal history.   (Tr. 35.)   The trial court opined that appellant has "a high risk and likelihood of recidivism" based on the statements he made at sentencing. (Tr. 35.)

**{¶23}** After finding that appellant was not amenable to community control

sanctions, the trial court imposed a seven-month prison sentence. The trial court confirmed that it "considered all the principles and purposes of felony sentencing, [and] all the appropriate recidivism and seriousness factors." (Tr. 33.)

{¶24} In this appeal, appellant takes issue with the trial court's consideration of the seriousness and recidivism factors set forth in R.C. 2929.12. Specifically, appellant argues that the trial court imposed a prison sentence, rather than community control sanctions, based on his criminal record. He emphasizes, however, that the PSI referenced arrests, allegations, and/or charges that either did not result in criminal charges or the charges were dismissed.

{¶25} The record reflects that the trial court did not consider these arrests, allegations, and dismissed charges in determining the appropriate sentence. During the sentencing hearing, the trial court explained, "I'm not considering any other allegations that were dismissed or that [the] PSI couldn't find information about. There were several arrests where no information could be found about what occurred with the case, so I won't consider any of those things." (Tr. 28-29.)

{¶26} Based on the foregoing analysis, we find that the trial court's sentence is not contrary to law. The sentence is within the permissible statutory range and the record reflects that the trial court considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. Accordingly, appellant's sole assignment of error is overruled.

### III. Conclusion

**{¶27}** After thoroughly reviewing the record, we affirm the trial court's sentence. The trial court's sentence is not contrary to law.

**{¶28}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

EILEEN A. GALLAGHER, A.J., and
MELODY J. STEWART, J., CONCUR