[Cite as *State v. Jones*, 2024-Ohio-3013.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,         :

                                      No. 113379

    v.                               :

KELLY A. JONES,                         :

    Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 8, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-641989-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen Hatcher, Assistant Prosecuting Attorney, *for appellee*.

Law Office of Timothy Farrell Sweeney, and Timothy F. Sweeney, *for appellant*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant, Kelly Jones, brings this appeal after he was resentenced under this court's mandate in *State v. Jones*, 2023-Ohio-380

(8th Dist.). After a thorough review of the facts and pertinent law, we affirm Jones's sentence.

{¶ 2} In 2019, Jones was charged with aggravated arson, arson, and associated crimes after he lit some belongings of the then 79-year-old victim, Ernestine Dumas, on fire and then lit Dumas herself on fire. After lighting Dumas on fire, Jones left her to fend for herself; Dumas had to "stumble" to a neighbor's house for help.

{¶ 3} At the time of his crimes, Jones, who was in his 40s, was living with Dumas; Dumas had taken Jones in because he was homeless and had nowhere else to live. Jones committed the crimes against Dumas after the two had gotten into an argument. Several of the charges against Jones included notices of prior conviction and repeat violent offender specifications.

{¶ 4} The case proceeded to a jury trial on the underlying charges and a trial to the bench on the notices of prior conviction and repeat violent offender specifications. The trial testimony established that Dumas was badly burned, suffering second- and third-degree burns to over 15% of her body. She spent several weeks in the hospital and underwent skin graft surgery. Dumas also underwent additional revision surgeries. At the time of trial, Dumas required a feeding tube and did not have much function in her hands due to scarring.

{¶ 5} The jury found Jones guilty of Count 1, aggravated arson; Count 3, felonious assault; Count 5, arson; and Count 6, domestic violence. Counts 1 and 3 contained notices of prior conviction and repeat violent offender specifications and

the trial court found Jones guilty on them. The repeat violent offender specifications were based on a 1991 felonious assault with a firearm specification conviction when Jones was 17 years old at the time the crime was committed; the case proceeded in adult court.

{¶ 6} At the original sentencing hearing, the trial court imposed maximum consecutive sentences, which included a ten-year sentence on the repeat violent offender specification for a total minimum sentence of 30 and a half years and maximum sentence of 36 years. The sentence was imposed under the Reagan Tokes Law.

{¶ 7} Jones appealed, raising challenges to his conviction and sentence. In a reconsidered opinion, this court remanded the case "for a resentencing hearing at which the trial court shall merge the offenses in Counts 1 [aggravated arson] and 3 [felonious assault] for sentencing, the State shall elect the offense on which it wishes Jones to be sentenced and the trial court shall impose a sentence that is appropriate for that offense." *Jones*, 2023-Ohio-380, at ¶ 202.[1] The panel further ordered that, "[o]n remand, the trial court shall consider whether Jones's sentences should be served concurrently or consecutively and, if it determines that Jones's sentences should be served consecutively it shall make the findings required by

---

[1] This court originally reversed Jones's conviction, finding an error in an evidentiary admission. *State v. Jones*, 2022-Ohio-1936 (8th Dist.). Upon the State's motion for reconsideration, the conviction was reinstated. *Jones*, 2023-Ohio-380 (8th Dist.).

R.C. 2929.14(C)(4) and incorporate those findings into its sentencing journal entry."

*Id.*

{¶ 8} On remand, the trial court held a resentencing hearing as instructed. The trial court imposed a sentence of 11 years on the aggravated arson count, ten years on the repeat violent offender specification, and ordered them to be served consecutively with an 18-month term on the arson count, for a total minimum sentence of 22.5 years. The trial court imposed a maximum sentence of 31 years under the Reagan Tokes Law. Jones presents two assignments of error for our review:

> I. The trial court's imposition of a ten-year sentence for the RVO specification is contrary to law because the court failed to comply with R.C. 2929.14(B)(2)(e) which requires the trial court to state the findings justifying the sentence imposed on a person pursuant to an RVO specification.
>
> II. S.B. 201 (Reagan Tokes) violates the Sixth Amendment right to trial by jury and Fourteenth Amendment due process and the associated provisions of the Ohio Constitution, Article I, Sections 5, 10, and 16.

{¶ 9} In his first assignment of error, Jones contends that the sentence on the repeat violent offender specification is contrary to law because the trial court failed to make findings under R.C. 2929.14(B)(2)(e).

{¶ 10} Appellate review of felony sentences is governed by R.C. 2953.08(G)(2), which states that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that

the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 21.

> A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies post-release control, and sentences a defendant within the permissible statutory range."

*State v. Thompson*, 2018-Ohio-1393, ¶ 7 (8th Dist.), quoting *State v. A.H.*, 2013-Ohio-2525, ¶ 10 (8th Dist.).

{¶ 11} Sentencing on a repeat violent offender specification is governed by R.C. 2929.14(B)(2). In some circumstances, the sentence on the specification is mandatory. *See* R.C. 2929.14(B)(2)(b). In this case, the sentence on the specification was discretionary. R.C. 2929.14(B)(2)(a) governs sentencing on a discretionary repeat violent offender specification and provides that a sentence is appropriate under the following relevant circumstances:

> iv. The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section and, if applicable, division (B)(1) or (3) of this section are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.

> v. The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section and, if applicable, division (B)(1) or (3) of this section are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense.

R.C. 2929.14(B)(2)(a)(iv) and (v).

{¶ 12} These findings set forth in R.C. 2929.14(B)(2)(a)(iv) and (v) implicate the seriousness and recidivism factors set forth in R.C. 2929.12. Under R.C. 2929.12(B), the factors indicating that an offender's conduct is more serious than that normally constituting the offense, as relevant to this case, are:

(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

. . .

(6) The offender's relationship with the victim facilitated the offense.

{¶ 13} R.C. 2929.12(C) sets forth the following factors indicating that an offender's conduct is less serious:

(1) The victim induced or facilitated the offense.

(2) In committing the offense, the offender acted under strong provocation.

(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

{¶ 14} R.C. 2929.12(D) sets forth recidivism factors indicative that the offender is likely to commit future crimes. Relevant to this case are the factors set forth under R.C. 2929.12(D)(2) and (3):

(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

{¶ 15} R.C. 2929.12(E) sets forth the following factors indicating that the offender is not likely to commit future crimes:

(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4) The offense was committed under circumstances not likely to recur.

(5) The offender shows genuine remorse for the offense.

{¶ 16} R.C. 2929.14(B)(2)(e) requires the trial court to state its findings explaining a sentence for a repeat violent offender specification. There are "no magic words" that must be recited by the trial court when making the repeat violent offender specification findings under R.C. 2929.14(B)(2)(a). *State v. Watts*, 2017-Ohio-532, ¶ 11 (8th Dist.). Rather, "[a]s long as the reviewing court can discern from the record that the trial court engaged in the correct analysis and can determine that

the record contains evidence to support the findings, the sentence on the [repeat violent offender] specification should be upheld." *Id.*

{¶ 17} According to Jones, the trial court "provided no explanation for its draconian choice of the 10-year max" on the specification. We disagree.

{¶ 18} Relative to the recidivism factors under R.C. 2929.12, the trial court stated the following:

> I have reviewed the original PSI that was prepared in conjunction with the case, and as I said, he indicated that he had 33 prior cycles, multiple convictions, a conviction for felonious assault with a gun for which he did three plus four to 15 years. And what is rather remarkable about his criminal record is that after his release from prison, he continued to pick up case after case after case and believe it or not in 2004 when he picked up a receiving stolen property case in front of Judge Ronald Suster, he was afforded the privilege of probation. Then in 2005 he picked up a drug trafficking case, possession of drugs. He was sentenced to one year of community control. Once again afforded the privilege of probation. Then a drug abuse case in 2010 he was sentenced to community work service in the Cleveland Municipal Court. Then the disorderly conduct he was sentenced to time served. Then an aggravated menacing count in 2012, and I believe he was sentenced to prison. But as I say, DUIs, domestic violence, possession of marijuana, drug paraphernalia, criminal damaging, grand theft motor vehicle, felonious assault, disorderly conduct, multiple arrests, another DUI, more drugs, more receiving, and again 12 active warrants at the time of PSI was compiled. So just in a sense a very problematic criminal defendant and extensive criminal history, history of drugs and violence and weapons and no rehabilitation. Despite the fact after he did a very substantial period of time in the state penal institution, he was afforded probation, and he winds up with this case.

Tr. 24-26.

{¶ 19} Jones contends that the offense that gave rise to the repeat violent offender specification — felonious assault with a firearm specification — was "weak" because it happened nearly 30 years prior to this case, when Jones was 17-years old.

R.C. 2929.01(CC)[2] defines a repeat violent offender as "a person about whom both of the following apply":

> (1) The person is being sentenced for committing or for complicity in committing any of the following:
>
> (a) Aggravated murder, murder, any felony of the first or second degree that is an offense of violence, or an attempt to commit any of these offenses if the attempt is a felony of the first or second degree;
> . . .
>
> (2) The person previously was convicted of or pleaded guilty to an offense described in division (CC)(1)(a) or (b) of this section.

{¶ 20} The governing statute does not account for Jones's "weak" argument. Jones was being sentenced for a first-degree felony that was an offense of violence (aggravated arson), and he had previously been convicted of a first-degree felony that was an offense of violence (felonious assault with a firearm specification). Moreover, Jones never contended at the trial-court level (either at the original or resentencing hearings) that the repeat violent offender specification was inapplicable to him; rather, at resentencing, he only advocated for a lesser sentence on the specification.

{¶ 21} On this record, the trial court made findings that demonstrated that Jones's criminal history indicated his likelihood of recidivism under R.C. 2929.12(D).

---

[2] R.C. 2941.149, governing repeat violent offender specifications, provides that a repeat violent offender has the same meaning as defined in R.C. 2929.01.

{¶ 22} Regarding the factors under R.C. 2929.12(B) indicating that Jones's conduct was more serious, the trial court made the following findings:

> Ernestine Dumas who had taken [Jones] in because he was homeless, and she gave him a place to reside, and he was sort of like a handyman every once in a while, and what he did is poured a flammable liquid on her and set her alight. So I have seen a lot in this job, over 32 years and as an attorney over 42 years, but I don't think I have ever seen anything worse than this. Have you seen these photographs of what you did to this woman? Have you seen them?
>
> . . .
>
> How this woman survived this is only because of a really herculean effort, the effort by the burn unit, to save her life. I'm looking at her photographs. She had third degree burns over her entire face, chest, torso, hands. I believe she has had multiple surgeries, herculean effort, that's the word I was searching for.

Tr. 28-29.

{¶ 23} The trial court further considered that Dumas was 79 years old at the time Jones committed the offenses against her and that Jones's relationship with Dumas facilitated the offense. The record demonstrates that the trial court appropriately considered the seriousness factors under R.C. 2929.12(B).

{¶ 24} On this record, the trial court considered the appropriate recidivism and seriousness factors, made the required findings, gave the necessary reasons for its findings, and properly applied the statutory guidelines before sentencing Jones on the repeat violent offender specification.

{¶ 25} The first assignment of error is overruled.

{¶ 26} In his second assignment of error, Jones challenges his sentence under the Reagan Tokes Law. Jones contends that the Reagan Tokes Law violates

his constitutional right to a trial by jury, the separation-of-powers doctrine, and due process.

**{¶ 27}** The arguments presented in this case do not present novel issues or any new theory challenging the constitutional validity of any aspect of the Reagan Tokes Law left unaddressed by the Ohio Supreme Court's decision in *State v. Hacker*, 2023-Ohio-2535. Accordingly, pursuant to *Hacker*, we overrule Jones's second assignment of error.

**{¶ 28}** Judgment affirmed.[3]

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

---

[3] Jones has not assigned the consecutive nature of his sentence as error, but we note that the trial court made the appropriate findings and incorporated them into the judgment of conviction as required by this court's mandate in *Jones*, 2023-Ohio-380 at ¶ 202 (8th Dist.), and the Ohio Supreme Court's mandate in *State v. Bonnell*, 2014-Ohio-3177, syllabus.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

LISA B. FORBES, P.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR